GUIDRY, Judge.
MOTION TO DISMISS
The defendants-appellees, Power Rig Rental Tool Company and Power Rig Drilling Company, Inc., move to dismiss the appeal of the plaintiff, Dewayne L. Bate-man as being improperly prepared.
The plaintiff herein filed a workmen’s compensation claim alleging total disability suffered while performing manual labor. The matter was tried, and judgment was rendered in favor of the defendants, the trial court finding that the plaintiff had no physical disability which could be attributed to the accident in question. The final judgment was signed on November 23,1982, and the motion for appeal was filed on December 2, 1982.
On January 18, 1983, the plaintiff filed a “Motion to Exclude Preparation of Transcript for Appeal”. Before the defendant was able to respond to the motion, plaintiff dismissed same on January 27, 1983. On January 25,1983, the plaintiff filed a “Designation of Parts of Record to be Included on Appeal”, listing all pleadings, motions, and notices filed in the district court and all the depositions introduced into evidence, but omitting all testimony presented before the court.
Code of Civil Procedure Article 2128 provides as follows:
Art. 2128. Same; determination of content
The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court, (emphasis supplied)
The “Motion to Designate” herein was filed approximately seven weeks after the filing of the motion for appeal and as such should have been denied by the trial court. However, we will not dismiss the appeal. Davidge v. Magliolo, 353 So.2d 289 (La.1977). This court has since received from the appellant an answer to the motion to dismiss in which the appellant requests to proceed with the appeal in forma pauperis. We note here that this is the first time the appellant has made such a request.
Thus, instead of dismissing the appeal, in the interest of justice we will order that this appeal be remanded to the trial court for a determination of appellant’s right to proceed in forma pauperis, and for the purpose of transcribing into the record the entire testimony taken at the trial on the merits.
*1350 MOTION TO DISMISS DENIED: Appeal is hereby remanded to the District Court for a determination of appellant’s right to proceed in forma pauper-is and completion of the record. All costs are to be borne by the appellant unless the court allows him to proceed in forma pauperis.