PAUL A. BONIN, Judge.
|,The administratrix of the succession of Queen Esther Smith Bonner, the client, on December 30, 2005, filed a legal malpractice suit against her former attorney and her insurers.[1] The former attorney, Jacqueline Goldberg, filed a third party demand against another attorney, Roderick Morris.[2] Mr. Morris, it seems, must have filed an exception of peremption to the administratrix’s petition.[3]
A hearing on an exception of peremption was held on December 10, 2010, but the transcript of the hearing is not included in the record before us. At the conclusion of the hearing, the trial judge by written judgment sustained the exception of per-emption and dismissed the suit with prejudice as to Ms. Goldberg and her insurers only; the judgment is silent as to Mr. Morris.
12In prefatory remarks contained in its judgment,[4] the trial court found that La. R.S. 9:5821 et seq,[5] is constitutional but could not be applied to this action and that Governor Blanco exceeded her executive-power authority in issuing executive orders which purported to suspend or extend preemptive periods until November 25, 2005.[6]
The judgment suggests that the latest date by which the legal malpractice suit could be filed was October 26, 2005, which is three years from the date on which the late Mrs. Bonner’s medical malpractice claim prescribed. Finding that the per-emptive period provided for in La. R.S. 9:5605 A had not been suspended or extended, the trial court determined that filing of the lawsuit on December 30, 2005 resulted in a perempted cause of action.
The administratrix, Lois Bonner, timely devolutively appealed the judgment of dismissal with prejudice on February 15, 2011. She was then notified by the clerk of the district court that the estimated costs of the appeal were $3,815.90, which were due by March 21, 2011. In the Notice of Estimated Appeal Costs, Ms. Bonner’s counsel was notified that “[a] party must have complied with Article *1286 2128 of the Code of Civil Procedure in order to designate the record.” On the due date, Ms. Bonner ex parte moved for a thirty-day extension of time by which to pay the court costs. Cf. La. C.C.P. art. 2126 B (“The trial court may grant one 1 sextension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.”) Ms. Bonner did not question the excessiveness of the estimated costs. See La. C.C.P. art. 2126 C. The trial judge granted a thirty-day extension from March 22, 2011.
Then, for the first time, on April 19, 2011, Ms. Bonner ex parte moved to designate the record. She submitted to a district judge, one not the trial judge, an order permitting her to designate the record. She designated only the petition for damages, a memorandum in support of the peremptory exception of Mr. Morris with only five of at least seventeen exhibits attached to it,[7] a memorandum in support of the constitutionality of La. R.S. 9:5822 filed by the attorney general’s office, the reply of Mr. Morris to the attorney general, the judgment itself, the motion and order for appeal, the notice of estimated appeal costs, and the motion for extension of time to pay the court costs. The district judge signed the order.
In order to avail herself of designating the record, however, an appealing party “within three days, exclusive of holidays, after taking the appeal ... may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal.” La. C.C.P. art. 2128 (emphasis added). Ms. Bonner’s designation of the record is clearly too late.
The resulting record on appeal before us does not include the exception, if any, filed by Ms. Goldberg and her insurers, who are the only named defendants in |4the only petition for damages included in the record. Moreover, Mr. Morris’ exception (to whatever pleading) is not included in the record. The pleadings which generated an appearance by the attorney general are not included. And, most importantly and critically, the transcript of the hearing on the peremption issue is not included.[8] “When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.” La. C.C.P. art. 2128. See also Bezet v. Original Library Joe’s, Inc., OX-1586, pp. 6-7 (La.App. 1 Cir. 6/21/02), 835 So.2d 472, 475.
Ms. Bonner’s record-designation is also deficient for another reason. An appealing party who designates only portions of the record on appeal “must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.” La. C.C.P. art. 2129 (emphasis added). Here, Ms. Bonner’s attempted designation is void of any statement whatsoever of the points on which she intends to rely. Thus, even if we found the designation timely (which it is not), we would be woefully constrained in our review of the already-truncated record. See Ice v. Dry Klean Carpet Maintenance Co., 03-0525, pp. 4-5 (La.App. 4 Cir. 12/3/03), 863 So.2d 596, 598-599; see also Peyton Place, Condominium Associates, Inc. v. Guastella, 08-365, p. 11 (La.App. 5 Cir. 5/29/09), 18 So.3d *1287 1B2, 141 (“This appeal is limited to the points relied upon in the Article 2128 Determination pursuant to La. C.C.P. art. 2129.”).
|fiIn effect, we have no evidentiary record. “The appellant has the duty to secure either a transcript of the testimony or a narrative of the facts; and the inadequacy of the record, if any, is imputable to the appellant.” Olson v. Olson, 04-1137, pp. 4-5 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 54-55. Ordinarily, “[i]n such cases where the record contains neither a transcript nor a narrative of facts agreed to by the parties, there is nothing for appellate review and the trial court’s ruling is presumed correct.” Id., p. 5, at 55.
The parties have argued in this court as if the issue of peremption in this case is a strictly legal one. But from our limited review it seems clear that we would have to reach or determine the constitutionality of La. R.S. 9:5822 as well as of Governor Blanco’s executive orders on the basis of this paltry record, and we ought to refrain from such action unless it is essential to deciding the case or controversy. See Cat’s Meow, Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186, 1199. Without an evidentiary record, we cannot ascertain whether this case might be disposed of on nonconstitutional grounds or basis. Id.
The proper judgment upon this record, especially in the light that the record-designation was untimely, is to dismiss this appeal without prejudice and afford the appellant, Lois Bonner, an additional twenty days from the finality of this judgment within which to pay the estimated costs of the appeal so that the clerk of the district court may prepare a complete record, including pleadings and transcripts, of the proceedings below. If Ms. Bonner fails to timely pay the 1 fiestimated costs within the time specified, the trial court shall proceed under La. C.C.P. art. 2126 E.
DECREE
The instant appeal of Lois Bonner is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE
JONES, J., dissents with reasons.
BAGNERIS, J., concurs in the result.

. The insurers were identified as Continental Insurance Company and Gilsbar Specialty Insurance Services, Inc.

. As will be-more fully explained post, we infer the existence of the third party demand from the parties’ briefs, but it is not part of the record before us.

. The record before us contains only an original petition, without amendments or supplements. Mr. Morris is not named as a party defendant in the original petition. As will be more fully explained post, the record does not include any exception filed either by Mr. Morris or by Ms. Goldberg.

. But see La. C.C.P. art. 1918 ("When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.”)

. The executive orders at issue are KBB OS-32, KBB 05-48, and KBB 05-67, which progressively suspended or extended peremptive periods through November 25, 2005. La. R.S. 9:5821 became effective on November 23, 2005.- Its provisions purported to approve, ratify, and confirm Governor Blanco’s actions in issuing the executive orders. See La. R.S. 9:5821 B. The law also further purported to extend peremptive periods which would have lapsed between August 26, 2005 through and until January 3, 2006. See La. R.S. 9:5822.

. "Memoranda and exhibits which were not filed into evidence in the trial court are not part of the record on appeal.” Jones v. Jones, 09-757, p. 5 (La.App. 5 Cir. 12/29/09), 30 So.3d 137, 139.

. There is a suggestion in brief that Ms. Bonner and her counsel did not oppose the exception or appear at the hearing.