PAUL A. BONIN, Judge.
LThe trial court dismissed[1] the lawsuit of Frances Armstrong as abandoned due to the failure of any parties in the lawsuit to take any step in its prosecution or defense in the trial court for a period of three years. Mrs. Armstrong filed a motion to set aside the dismissal, which motion the trial court denied, and she now seeks our review of the trial court’s ruling. Mrs. Armstrong argues that the trial court erred by refusing to find that payments made by one settling defendant constitute an acknowledgement that is sufficient to toll the running of abandonment and that this acknowledgment is imputable to other allegedly soli-dary, non-settling obligors. We forego, however, an examination of Mrs. Armstrong’s argument because deficiencies with the record make it difficult, if not impossible, to review ^adequately Mrs. *550 Armstrong’s assignment of error. Accordingly, we dismiss this appeal without prejudice and afford Mrs. Armstrong an additional twenty days from the finality of this judgment within which to pay the estimated costs of this appeal so that the clerk of the district court may prepare a complete record for appellate review.
We now explain our ruling in more detail.
I
In this part, we examine the facts underlying Mrs. Armstrong’s claim and this matter’s procedural history. Mrs. Armstrong filed suit on behalf of her daughter R.D., who was a minor at the time, in 2000 against Abraham Johnson, a disc jockey who broadcasts under the name “Big Abe,” and Clear Channel Broadcasting, as owner/operator of WQUE, for damages arising out of Johnson’s molestation of R.D. Mrs. Armstrong’s petition asserts that R.D. telephoned WQUE and spoke with Mr. Johnson, who was twenty-three at the time, in response to promotions for what was billed as a “Teen Summit.” Mrs. Armstrong also alleges that during the course of the conversation, Mr. Johnson elicited R.D.’s telephone number, and subsequently began to telephone her in return. Mr. Johnson later convinced R.D. to meet him to talk at a local shopping mall. Mrs. Armstrong further avers that on July 8,1999, Mr. Johnson picked up R.D. at her residence, drove her to a Super 8 Motel on Chef Menteur Highway in New Orleans, and proceeded to disrobe, molest, and have intercourse with R.D. Mrs. Armstrong further avers that Mr. Johnson again visited, and engaged in carnal acts with, her I ^daughter on August 13, 1999, when R.D. was at home babysitting several other minor children.
Mrs. Armstrong contends that her daughter suffered, among other things, physical abuse, physical pain and suffering, mental pain and suffering, loss of consortium, and loss of future wages. Mrs. Armstrong also contends that Mr. Johnson was, at all times, acting in the course and scope of his employment with Clear Channel Broadcasting, Inc., as a WQUE disc jockey.
Mrs. Armstrong filed a first supplemental and amending petition on July 12, 2000. Mr. Johnson was served with the initial petition on July 13, 2000, while the first supplemental and amending petition was served on February 21, 2001. Mr. Johnson failed to answer either petition within the delays allowed by law. Consequently, Mrs. Armstrong took a preliminary default against Mr. Johnson on May 24, 2001. Mrs. Armstrong subsequently confirmed the default judgment on May 2, 2002, and the trial court cast Mr. Johnson in judgment for $2,500,000.00. Mr. Johnson did not seek appellate review of the judgment rendered against him.
Following the default on Mr. Johnson, Mrs. Armstrong filed second, third, and fourth supplemental and amending petitions wherein she added as additional defendants the Louisiana Insurance Guaranty Association, in the stead of Reliance Insurance Company, Clear Channel’s now-insolvent primary insurance carrier, and Texas Pacific Insurance Company, Clear Channel’s excess carrier.[2] On March 13, 2006, the trial court granted a motion for partial summary judgment filed by Texas 14Pacific, and held that Texas Pacific’s insurance policy does not “drop down” to provide primary liability coverage due to *551 the insolvency of Reliance.[3] On March 20, 2006, the trial court granted a motion for partial summary judgment filed by Clear Channel, and held that Clear Channel has a $1,000,000.00 credit as to any judgment the plaintiff may obtain against Clear Channel due to Reliance’s insolvency.[4] On the same day, the trial court also certified Clear Channel’s judgment as final and ap-pealable. On March 22, 2006, the trial court granted a motion for summary judgment filed by LIGA and dismissed all of plaintiffs claims against LIGA.[5] The trial court subsequently certified its judgment in favor of LIGA as final and appealable. Mrs. Armstrong did not seek appellate or supervisory review of any of the foregoing rulings.[6]
Mr. Johnson filed a motion to nullify the default judgment on April 16, 2007, which the trial court denied on July 5, 2007. Subsequently, on October 11, 2007, Mrs. Armstrong filed a motion to examine judgment debtor. The parties allege that the motion was heard on November 30, 2007. The record, however, does not reflect that the motion was heard or the outcome of the hearing. Following this, the record before this suggests that no other activity occurred on the trial court’s record.
Is After this hearing, no other steps in the prosecution or defense of this matter took place until Texas Pacific filed its ex parte motion for abandonment on December 1, 2010, which the trial court granted on December 2, 2010. Mrs. Armstrong filed a timely motion to set aside the dismissal on December 29, 2010. Mrs. Armstrong argued that abandonment had not run on her claim because certain actions of Mr. Johnson taken outside the formal record of this matter constitute a waiver sufficient to toll the running of abandonment. Mrs. Armstrong first noted that subsequent to the judgment debtor rule, she agreed to accept $150,000.00 from Mr. Johnson as some type of settlement.[7] Between May 15, 2008, and April 15, 2009, Mr. Johnson later made five partial payments, totaling $1,800.00, to the plaintiff.[8] Mrs. Armstrong also alleged that Mr. Johnson and Clear Channel are solidary obligors because Mr. Johnson was acting within the course and scope of his employment with Clear Channel at all times. Accordingly, Mrs. Armstrong argued to the trial court that Mr. Johnson’s partial payments — none of which was filed contemporaneously into the record — constitute an acknowledgement that is sufficient to toll *552 the running of abandonment and that this acknowledgment is imputable to Clear Channel and Texas Pacific pursuant to La. Civil Code article 3464. The trial court took the matter under advisement. Refusing to hold that Mr. Johnson’s payments pursuant to a settlement agreement resulted in an ^acknowledgement sufficient to stop the running of abandonment, the trial court denied the motion, and issued reasons for judgment on May 5, 2011.
II
Given that problems with the preparation of the record have constrained our review of this matter, it now behooves us to examine the events surrounding the mechanics of Mrs. Armstrong’s appeal, and the preparation of the present record.
Mrs. Armstrong timely filed her motion for devolutive appeal on July 1, 2011. The trial court signed the accompanying order on July 14, 2011. On July 21, 2011, the clerk of the district court sent a notice of estimated costs to Mrs. Armstrong.[9] On August 10, 2011, Mrs. Armstrong filed a pleading entitled, “Motion For Extension Of Time In Which To Designate The Record,” wherein she noted that she was unable to afford reproduction of the entire record, indicated that she was filing a contemporaneous motion to designate the record, requested an extension so that the clerk of the district court could provide a revised estimate of costs, and prayed for an extension of the date on which the foregoing costs would be due. Simultaneously, Mrs. Armstrong also filed a motion to designate the record, which the trial court granted on August 10, 2011. Finally, the clerk of the district court completed the preparation of the record and issued its sworn certificate on September 15, 2011.[10]
J¿n
In this part, we examine the law concerning designated records, and its application to the facts of this case. In order to avail herself of designating the record, an appealing party “within three days, exclusive of holidays, after taking the appeal ... may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal.” La. C.C.P. art. 2128 (emphasis added). Mrs. Armstrong’s designation of the record is clearly too late, and as such should have been denied by the trial court. Bonner v. Goldberg, 11-0768 (La.App. 4 Cir. 11/2/11), 76 So.3d 1284. See also Bateman v. Power Rig Rental Tool Co., 428 So.2d 1348 (La.App. 3 Cir.1983).
“When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.” La. C.C.P. art. 2128. See also Bezet v. Original Library Joe’s, Inc., 01-1586, pp. 6-7 (La.App. 1 Cir. 6/21/02), 835 So.2d 472, 475. The resulting record on appeal before us does not include the second, third, and fourth supplemental petitions. Moreover, Texas Pacific’s, Clear Chanel’s, and LIGA’s respective motions for summary judgment are not included in the record. The pleadings and memoranda that resulted in this Court’s action in Armstrong v. Johnson, 04-0980 (La.App. 4 Cir. 7/1/04), unpub., are not included in the record.
Mrs. Armstrong’s record-designation is also deficient for another reason. An appealing party who designates only portions of the record on appeal “must serve with *553 his designation a concise statement of the points on which he intends to | srely, and the appeal shall be limited to those points.” La. C.C.P. art. 2129 (emphasis added). Here, Mrs. Armstrong’s attempted designation is void of any statement whatsoever of the points on which she intends to rely. Thus, even if we found the designation timely (which it is not), we would be woefully constrained in our review of,the already-truncated record. See Ice v. Dry Klean Carpet Maintenance Co., 03-0525, pp. 4-5 (La.App. 4 Cir. 12/3/03), 863 So.2d 596, 598-599; see also Peyton Place, Condominium Associates, Inc. v. Guastella, 08-365, p. 11 (La.App. 5 Cir. 5/29/09), 18 So.3d 132, 141 (“This appeal is limited to the points relied upon in the Article 2128 Determination pursuant to La. C.C.P. art. 2129.”).
In effect, we have no evidentiary record. See Bonner, 11-0768, p. 5, 76 So.3d at 1287. “The appellant has the duty to secure either a transcript of the testimony or a narrative of the facts; and the inadequacy of the record, if any, is imputable to the appellant.” Olson v. Olson, 04-1137, pp. 4-5 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 54-55. Ordinarily, “[i]n such cases where the record contains neither a transcript nor a narrative of facts agreed to by the parties, there is nothing for appellate review and the trial court’s ruling is presumed correct.” Id., p. 5, at 55. Moreover, the jurisprudence provides that the effect to be given to an appellant’s failure to comply with the procedure for taking a limited appeal “lies within the sound discretion of the appellate court.” Weber v. Press of H.N. Cornay, Inc., 135 So.2d 925, 927 (La.App. 4 Cir.1962). “The Courts may or may not dismiss the appeal for such failure.” Id.
|nThe parties have argued in this Court that the issue of abandonment in this case is a strictly legal one. Our limited review, however, of the already truncated record gives us great pause, especially in light of the horrendous underlying facts, and forces us to doubt the completeness of the record as designated by Mrs. Armstrong. Given our well-founded doubts about the record, and the failure on Mrs. Armstrong’s part to comply with articles 2128 and 2129 of the Louisiana Code of Civil Procedure, we cannot ascertain from the record whether this case was in fact abandoned.
The proper judgment upon this record, especially in the light that the record-designation was untimely, is to dismiss this appeal without prejudice and afford the appellant, Frances Armstrong, an additional twenty days from the finality of this judgment within which to pay the estimated costs of the appeal so that the clerk of the district court may prepare a complete record, including pleadings and transcripts, of the proceedings below. See Bonner, 11-0768, pp. 5-6, 76 So.3d at 1287. If Mrs. Armstrong fails to timely pay the estimated costs within the time specified, the trial court shall proceed under La. C.C.P. art. 2126 E.
DECREE
The instant appeal of Frances Armstrong is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE
LOMBARD, J., concurs in the result.

. The trial court did not specify whether the dismissal was with or without prejudice. See La. C.C.P. art. 1844 ("A judgment of dismissal with or without prejudice shall be rendered and the effects thereof shall be regulated in accordance with the provisions of Articles 1671 through 1673”). In light of the silence in the trial court’s ruling, on our own motion, see La. C.C.P. arts. 2129 and 2164, and Merrill v. Greyhound Lines, Inc., 10-2827 (La.4/29/11), 60 So.3d 600, we directed that the parties file supplemental briefs on whether a dismissal ordered under La. C.C.P. art. 561 is a dismissal with or without prejudice. The parties are in accord that a dismissal under Article 561 is "without prejudice.” See Tasch, Inc. v. Horizon Group, 08-0635, p. 4 (La.App. 4 Cir. 1/7/09), 3 So.3d 562, 565 ("However, dismissals under La. C.C.P. art. 561 are to be without prejudice. DeSalvo v. Waguespack, 187 So.2d 489 (La.App. 4 Cir. 1966). Therefore, the trial court's judgment of dismissal is hereby amended to read without prejudice.”) The parties are not in accord, however, as to any effect on prescription such a distinction would have on a subsequently filed lawsuit, and we decline to express any view on that issue. The jurisprudence provides that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. See Hunter v. R.J. Reynolds Tobacco Company, 11-1433 (La.App. 4 Cir. 4/11/12), 89 So.3d 1256, citing to Schwegmann Family Trust No. 2 v. White III, LLC, 11-0611, p. 13 (La.App. 4 Cir. 9/30/11), 76 So.3d 1228, 1236.

. These supplemental and amending petitions are not included in the record, although it appears that Mrs. Armstrong designated them for inclusion.

. Texas Pacific's motion for partial summary judgment is not included in the record.

. Clear Channel’s motion for partial summary judgment is not in the record.

. LIGA’s motion for summary judgment is not in the record.

. This Court’s records, however, indicate that Mrs. Armstrong sought interlocutory review in 2004 of a partial summary judgment granted to Clear Channel on the issue of “drop down” coverage. This Court reversed the trial court’s summary judgment in favor of Clear Channel at Armstrong v. Johnson, 04-0980 (La.App. 4 Cir. 7/1/04), unpub. However, the pleadings underlying the trial court’s ruling, as well as the parties' memoranda to this Court, are not included in the present record.

. Mrs. Armstrong’s settlement agreement is a letter, dated April 16, 2008, from Mr. Johnson to the plaintiff’s attorney, wherein he wrote: "Please let this letter confirm our conversation today wherein you advised me that you will accept $150,000 for the judgment you obtained.” The record contains no formal acceptance from the plaintiff in response to Mr. Johnson’s letter.

. A letter from Mr. Johnson to the plaintiff’s attorney discussing the terms of the settlement and copies of the five checks were introduced into evidence at the hearing on plaintiff’s motion to set aside, and are included in the record.

. The foregoing notice is not in the record.

. The clerk of court’s certificate certifies that the record before this Court “includes all pleadings, evidence and documents in the matter." A simple perusal of the record shows this statement to be false.