ROSEMARY LEDET, Judge.
| iThis is a child custody dispute. The narrow issue presented is whether the trial court erred in stating in the judgment that the minor child could, in the future, make the decision on whether he would like to change his surname. For the reasons that follow, we find no error in the trial court’s judgment and affirm.
FACTUAL AND PROCEDURAL BACKGROUND
In August 2008, Tina St. Philip filed a Petition and Rule for Child Custody and Support relating to the minor child, “LStP.”[1] In her petition, she averred that she is the biological mother of LStP; that LStP’s date of birth is May 14, 2008; and that DNA testing established that the defendant, Jeffrey Montalbano, is the biological father of LStP. Ms. St. Philip averred that she “has the physical custody and is entitled to the sole custody of the child.” She sought an award of sole custody and child support.
At some point, Ms. St. Philip filed a Petition for Domestic Abuse against Mr. Montalbano. The trial court requested a child custody evaluation and appointed Dr. Amy Dickson to conduct the evaluation. A two day hearing was hheld on June 17, 2011, and June 28, 2011, on the motion to establish custody. Although the record reflects that witnesses were called to testify and evidence was presented, the record on appeal includes neither the transcript of *279 the testimony nor the exhibits introduced. Rather, the record includes only the portion of the transcript setting forth the trial court’s oral reasons for judgment. The trial court’s ruling included the following detailed custody plan:[2]
• Mr. Montalbano and Ms. St. Philip will share joint custody.
• The parties will be co-domiciliary parents.[3] At all times all major decisions are to be made by both parents. Any conflicts between the parents are to be reviewed by the Court. All major decisions are in reference to school, education, medical, mental health, treatment or counseling, extracurricular activities and religious aspects.
• The parent with visitation will make day to day decisions unless major decisions as previously noted.
• The minor child will attend Messiah Montessori school in Houma, La. The Court noted that the minor child will be in the three year old program shortly.
• Beginning August 1, 2011, Mr. Montal-bano will pick up the minor child every other weekend on Thursdays at 3:00 p.m. and return the minor child on Mondays at 9:00 a.m. during the school year.
• Mr. Montalbano will have an additional six days of visitation during September and October and remove the child out of school for those days. It will begin on Thursday at 3:00 p.m. and return the following Saturday at 9:00 am Mr. Montalbano will also have this available in February March and April, 2012.
• If during Ms. St. Philip’s visitation she wants to take the child out of school for days, she may do so.
• The holiday visitation will be equally shared and alternated each year.
la* Mr. Montalbano will have summer visitation of three weeks in June and three weeks in July. The Court wants the parents to coordinate the summer plan.
• The minor child shall have a notebook or family wizard should be used at all times and be able to speak with the other parent on the telephone. The Court adopted Dr. Dickson’s recommendation of a notebook to inform the other parent.
• The Court does not feel that mental health counseling is necessary.
• The Court read the co-parenting guidelines into the record.
• All information regarding the minor child should be shared in a timely manner.
• In regards to the minor child’s name being changed from St. Philip to Mon-talbano, the Court does not see an obligation at this time.
• The parties need to work together on Mr. Montalbano’s visitation with the minor child to be at the same time he has visitation with his other minor child [J.M.]
• The Court states that the parties are to alternate weeks for the remainder of the summer. Mr. Montalbano’s *280 week shall start on July 8, 2011. The minor child shall be in school on August 1, 2011.
The above ruling was incorporated into a judgment, which was signed on January 9, 2012.[4] As discussed below, the pertinent portion of that judgment is the provision that states:
IT IS FURTHER, ORDERED, ADJUDGED AND DECREE that at this time the minor child’s name shall remain as [LStP].... Additionally, there shall be no discussion with the minor child regarding his name, that when the minor child attains an older age to make a decision, he can decide., Additionally, in line with co-parenting, the parties are admonished not to mention any child-sharing, court related, financial communication, or name change issues in front of the minor child. Additionally, the minor child should not be involved in any of these hearing[s] nor should the parent have any communications regarding adult issues in front of the minor child. Neither parent shall do or say anything in the presence or hearing of the minor child that would diminish his love or affection |4for the other parent, and the parents shall not allow others to do the same.
The record also reflects that several consent judgments were entered into between the parties both before and after the January 9, 2012 judgment from which this appeal was taken.
On appeal, Ms. St. Phillip asserts only one assignment of error; namely, she asserts that the trial court’s “vague ruling” that the minor child could, in the future, make the decision on whether he would like to change his surname is contrary to the provisions of Louisiana law providing for the name change of a minor. Mr. Montalbano answers the appeal asserting two assignments of error. First, he contends that the trial court erred in ordering that transportation for the visitation of the child be paid by him 60% of the time and by Ms. St. Philip 40% of the time. Second, he contends that the trial court erred in failing to designate him as the domiciliary parent or, in the alternative, in failing to provide for an equal sharing of physical custody of the child. We separately address the assignments of error raised by the parties.
I.
The first issue is whether the trial court erred in including in the judgment signed on January 9, 2012 (originally rendered orally on June 28, 2011.) that the minor child could, in the future, make the decision on whether he would like to change his surname. Ms. St. Philip argues that the trial court’s judgment is contrary to the provisions of Louisiana law regarding the change of a minor child’s surname. Since she and Mr. Montalbano were never married, she submits that it was proper for her to include only her surname on the child’s birth certificate under the vital statistics law. La. R.S. |540:34.[5] In the event *281 the child should decide to change his surname, she further submits that both parents must consent and sign the petition for name change. La. R.S. 13:4751.[6] (She acknowledges that there are several exceptions in which both parents are not required to consent, but she contends that none of those apply here.) For these reasons, she argues that it was error for the trial court to declare the child could decide, at an older age, if he would like to change his surname. She thus requests that this court amend the trial court’s ruling regarding this issue “to include the appropriate provisions provided by law.”
LMr. Montalbano counters that the wording of the trial court’s ruling reflects no intent to order any change in the minor child’s surname — it states that “at this time the minor’s name shall remain [LStP].” He points out that the trial court carefully instructed the parties that any decision to change the minor child’s surname should be undertaken not separately, but jointly. He further points out that the trial court spoke not in definite terms, but rather in tentative, speculative terms. He still further points out that the trial court’s ruling does not dispense with the otherwise applicable governing statutory requirements for changing a minor’s surname. He thus contends that it cannot be concluded the trial court abused its discretion or legally erred in its ruling. We agree.
In its ruling, the trial court alludes to a potential future event — the minor child making the decision, in the future, to change his surname. Although the trial court’s judgment states that “the minor child could decide,” this statement, when read in context, cannot be read as dispensing with the otherwise applicable statutory requirements for changing a surname. Accordingly, we decline Ms. Philip’s request to amend the trial court’s judgment.
II.
Mr. Montalbano’s first assignment of error is that the trial court erred in ordering that transportation for the visitation of the child be paid by him 60% of the *282 time and by Ms. St. Philip 40% of the time. He contends that Ms. St. Philip should provide all transportation. The ruling containing this order, which Mr. Montalbano seeks review of in his answer, is a stipulated judgment dated February 14, 2012. However, the only notice of appeal filed |7in the instant case was the one filed by Ms. St. Philip seeking review of the written judgment signed on January 9, 2012.
An appellee’s answer is deemed to be “equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.” La. C.C.P. art. 2133. An appellee that files an answer thus, in effect, is an appellant insofar as matters sought to be raised on appeal by that answer. “An order of appeal must be obtained for each final judgment the appellant seeks to appeal.” Winn v. State, Dep’t of Natural Resources, Office of Conservation, 47,329, p. 3 (La.App. 2 Cir. 8/8/12), 104 So.3d 16, 18 (citing Bamburg v. St. Francis Medical Center, 45,024 (La.App.2d Cir.1/27/10), 30 So.3d 1071, writ denied, 10-0458 (La.4/30/10), 34 So.2d 294) (emphasis in original). Given that no notice of appeal was filed from the stipulated judgment dated February 14, 2012, that judgment is not properly before us. We thus decline to address this issue.
III.
Mr. Montalbano’s other assignment of error is that the trial court erred in not granting him domiciliary status or, in the alternative, in not ordering an equal sharing of physical custody between the parties. In support, he cites the child’s age— about three years old — and the ability to maintain the visitation before the child begins school.
Insofar as domiciliary status, the record contains no pleading or transcript documenting a request by Mr. Montalbano that he be designated the domiciliary parent or awarded sole custody. As noted, the trial court awarded joint custody and designated the parties co-domiciliary parents. |R“An appellate court generally finds it inappropriate to consider an issue raised for the first time on appeal when that issue was not pled, urged, or addressed in the court below.” Jones v. Department of Police, 11-0571, p. 8 (La.App. 4 Cir. 8/24/11), 72 So.3d 467, 472 (citing Graubarth v. French Market Corp., 07-0416, p. 5 (La.App. 4 Cir. 10/24/07), 970 So.2d 660, 664). Such is the case here.
The burden is on the appellant (in the case of an answer, the appellee) to insure the record is complete. Armstrong ex rel. R.D. v. Johnson, 11-1379, p. 8 (La.App. 4 Cir. 7/5/12), 97 So.3d 548, 553 (quoting Olson v. Olson, 04-1137, pp. 4-5 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 54-55). As the court noted in Olson, “[t]he appellant has the duty to secure either a transcript of the testimony or a narrative of the facts; and the inadequacy of the record, if any, is imputable to the appellant.” Id. Given the very limited record before us on appeal as a result of the limited designation of the contents of the record, we are unable to review the factual basis behind the trial court’s ruling. Thus, we cannot conclude the trial court’s attempt at equality in the sharing of physical custody was an abuse of discretion. We thus find this argument unpersuasive.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. The record in this case was sealed in the trial court. Given the nature of this case, the initials of the minor child, "LStP,” are used in this opinion.

. Ms. Philip's Designation of Contents of the Record includes a very limited portion of the trial court record. As a result, the record on appeal is insufficient to address any factual arguments regarding the trial court’s ruling.

. Although this court in Molony v. Harris, 10-1316, pp. 19-20 (La.App. 4 Cir. 2/23/11), 60 So.3d 70, 82, held that it is legally erroneous to designate "co-domiciliary parents,” an exception is recognized when the trial court issues a valid implementation order specifying the authority and responsibility of each parent with regard to the child. The trial court in this case issued such an order.

. The judgment added a provision that "each party shall provide the other party with any change of address, and/or phone number within twenty-four hours of such change. Both parties shall comply with the Louisiana Relocation Statute.”

. La. R.S. 40:34 B provides:
(iv) If the child is born outside of marriage, the surname of the child shall be the mother’s maiden name. If the father is known and if both the mother and the father agree, the surname of the child may be that of the father or a combination of the surname of the father and the maiden name of the mother. For purposes of this Item, "father” means a father who has acknowledged his child or who has been judicially declared the father in a filiation or paternity proceeding.
*281 (v) Any change in the surname of a child from that required herein or to that allowed herein shall be by court order as provided for in R.S. 13:4751 through 4755 or as otherwise provided in this Chapter or by rules promulgated thereunder.

. La. R.S. 13:4751(C) provides:
If the person desiring such change is a minor or if the parents or parent or the tutor of the minor desire to change the name of the minor:
(1) The petition shall be signed by the father and mother of the minor or by the survivor in case one of them be dead.
(2) If one parent has been granted custody of the minor by a court of competent jurisdiction, the consent of the other parent is not necessary if the other parent has been served with a copy of the petition and any of the following exists:
(a)The other parent has refused or failed to comply with a court order of support for a period of one year.
(b) The other parent has failed to support the child for a period of three years after judgment awarding custody to the parent signing the petition.
(c) The other parent is not paying support and has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
(d) Repealed by Acts 2001, No. 555, § 1.
(3) In case the minor has no father or mother living, the petition shall be signed by the tutor or tutrix of the minor and in default of any tutor or tutrix, shall be signed by a special tutor appointed by the judge for that purpose.
(4) The petition may be signed by either the mother or the father acting alone if a child has been given a surname which is different from that authorized in R.S. 40:34(B)(l)(a).