WELCH, J.
| gIn this child custody dispute, the mother, Amy Hodges, challenges a judgment of the trial court designating the parties as co-domiciliary parents. For reasons that follow, we affirm the judgment of the trial court and remand for further proceedings.
FACTUAL AND PROCEDURAL HISTORY
Justin Hodges and Amy Hodges were married on January 22, 2011, and during their marriage, one child was born. On May 28, 2014, Justin filed a petition for divorce, seeking, among other things, that he be awarded joint custody of the minor child and that he be designated as the child’s domiciliary parent. On July 7, 2014, Amy filed an answer and reconven-tional demand, also requesting that the parties be awarded joint custody of the child and that she be designated as the child’s domiciliary parent.
On August 4, 2014, a trial on the issue of custody was held. After evidence was introduced and the matter submitted, the trial court rendered judgment awarding the parties joint custody of the child, with the parties sharing equal physical custody of the child, and designating the parties as co-domiciliary parents. A judgment in conformity with the trial court’s ruling was signed on August 18, 2014, and it is from this judgment that Amy Hodges now appeals, essentially challenging the designation of the parties as co-domiciliary parents and claiming that she should be designated as the domiciliary parent.
LAW AND DISCUSSION
Each child custody case must be viewed in light of its own particular facts and circumstances, with the paramount consideration being the best interest of the child. La. C.C. art. 131; Perry v. Monistere, 2008-1629 (La.App. 1st Cir.12/23/08), 4 So.3d 850, 852. The “best interest of the child” test is a fact-intensive inquiry, requiring the weighing and balancing of factors favoring or opposing | .¡custody in the competing parties on the basis of the evidence presented in the case.[1] Hebert v. *351 Schexnayder, 2012-1414 (La.App. 1st Cir.2/15/13), 113 So.3d 1097, 1100-1101. Because of the trial court’s opportunity to evaluate witnesses, and taking into account the proper allocation of lower and appellate court functions, great deference is accorded to the trial court’s decision regarding the best interest of the child. Olivier v. Olivier, 2011-0579 (La.App. 1st Cir.11/9/11), 81 So.3d 22, 26. Thus, the trial court’s determination regarding child custody will not be disturbed absent a clear abuse of discretion. Id.
In this case, as in most custody eases, the trial court’s determination was based heavily on factual findings. As an appellate court, we cannot set aside a trial court’s factual findings unless we determine that there is no reasonable factual |4basis for the findings and that the findings are clearly wrong or manifestly erroneous. R.J. v. M.J., 2003-2676 (La.App. 1st Cir.5/14/04), 880 So.2d 20, 23. However, if a court of appeal determines that the trial court committed a reversible error of law or manifest error of fact, the court of appeal must ascertain the facts de novo from the record and render judgment on the merits. LeBlanc v. Stevenson, 2000-0157 (La.10/17/00), 770 So.2d 766, 770.
Louisiana Revised Statutes 9:335 governs joint custody arrangements and it provides as follows:
A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
(3) The implementation order shall allocate the legal authority and responsibility of the parents.
B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.
(2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent *352 and continuing contact with both parents.
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
C. If a domiciliary parent is not designated in the joint custody decree and an implementation order does not provide otherwise, joint custody confers upon the parents the same rights and responsibilities as are conferred on them by the provisions of Title VII of Book I of the Civil Code.
|Jn this case, the trial court named the parties as co-domiciliary parents. Amy contends that this was legal error because there is no authority for a “co-domiciliary parent” designation by a trial court following a trial on the merits, as La. R.S. 9:335(B) provides for either “a domiciliary parent” or no domiciliary parent under certain circumstances. Amy further argues that this legal error by the trial court warrants a de novo review by this court, and following a de novo review, that she should be designated as the child’s domiciliary parent.[2]
First and foremost, we recognize that there is a split in the circuit courts of appeal of this state as to whether a trial court can designate the parties as co-domiciliary parents following a trial on the merits. The Second and Fourth Circuit Courts of Appeal have specifically stated that there is no authority for a court to designate co-domiciliary parents. See Molony v. Harris, 2010-1316 (La.App. 4th Cir.2/23/11), 60 So.3d 70, 82, (after the trial court designated the parties as co-domiciliary parents and ordered them to communicate regarding the health education and welfare of the child, the court found “no authority for the court to designate the parties as co-domiciliary parents” and remanded for either the designation of one parent as the domiciliary parent .or the issuance of an implementation order specifically delineating the legal authority and responsibility of each parent with regard to.the health, education, and welfare of the child); and Ketchum v. Ketchum, 39,082 (La.App. 2nd Cir.9/1/04), 882 So.2d 631, 637-639 (after the trial court modified the parties joint custodial arrangement from the mother being designated as the domiciliary parent to the parties being co-domiciliary parents, the court reversed the trial court’s modification of custody on the basis that the father failed to meet his requisite burden of proof to change custody (that there had been a change in circumstance materially affecting the Rwelfare of the child and that a modification of custody was in the best interest of the child) and in doing so further noted there was “no authority in the law for a designation of ‘co-domiciliary’ parents.”) However, the fourth circuit has also specifically noted that while it may be “legally erroneous to designate ‘co-domiciliary parents’, an exception is recognized when the trial court issues a valid implementation order specifying the authority and responsibility of each parent with regard to the child.” St. Philip v. Montalbano, 2012-1090 (La.App. 4th Cir.1/9/13), 108 So.3d 277, 279 n. 3.
The Third Circuit Court of Appeal has specifically declined to follow the Fourth Circuit (and its holding in Molony) and *353 held “that a designation of co-domiciliary parents is within the trial court’s authority pursuant to La. R.S. 9:835” if such a designation is in the best interest of the child and where the trial court issued a joint custody implementation plan in compliance with La. R.S. 9:335. Stewart v. Stewart, 2011-1334 (La.App. 3rd Cir.3/7/12), 86 So.3d 148, 152-153 and 155. However, neither the Fifth Circuit Court of Appeal nor this Court have expressly ruled on the issue of whether a trial court has the authority to designate parties as co-domiciliary parents, although trial court judgments designating the parties as co-domiciliary parents have been affirmed. See McCaffery v. McCaffery, 2013-0692 (La.App. 5th Cir.4/9/14), 140 So.3d 105, 116, writ denied, 2014-0981 (La.6/13/14), 141 So.3d 273 (affirming a trial court judgment that awarded the parties joint custody and that designated the parties as co-domiciliary parents); Silbemagel v. Silbemagel, 2010-0267 (La.App. 5th Cir.5/10/11), 65 So.3d 724, 730 (affirming a trial court judgment modifying the parties’ joint custodial arrangement from the mother being designated as the domiciliary parent to the parties being co-domiciliary parents); Centanni v. Spradley, 2013-1851, p. 1 (La.App. 1st Cir.3/21/14), 2014 WL 1166192 (unpublished) (affirming a trial court judgment that, among other things, “designated both parents as co-domiciliary parents, depending [7on which party had physical custody at the time”); and Remson v. Remson, 95-1951 (La.App. 1st Cir.4/4/96), 672 So.2d 409, 415, (affirming the trial court’s “order for co-domiciliary status of the parties.”)[3] But cf. Hoffpauir v. Hoffpauir, 2006-1923, p. 1 n. 2 (La.App. 1st Cir.2/9/07), 949 So.2d 675 (unpublished) (noting that “Louisiana law does not specifically recognize a status of ‘co-domiciliary’ parent” but that it is “lawful ... to not name a domiciliary parent in appropriate circumstances” under La. R.S. 9:335).
Recently, in Distefano v. Distefano, 2014-1318 p. 13 n. 4 (La.App. 1st Cir.1/22/2015), — So.3d —, — n. 4 this Court noted that there was a split in the circuit courts of appeal of this state as to whether a trial court could designate the parties as co-domiciliary parents and that this Court had not expressly ruled on the issue. In Distefano, 2014-1318 at pp. 3-4, — So.3d at -, the trial court modified the parties’ joint custodial arrangement from that of the father being designated as domiciliary parent to one where the parties being designated as co-domiciliary parents. The basis for the modification was the mother’s move into a home located in the same subdivision in Livingston- Parish as the father;. thus, the parties were living in the same community and school district when they had previously lived in two separate communities and school districts. Distefano, 2014-1318 at p. 8, — So.3d at —. On appeal, the father challenged the trial court’s ruling solely on the basis of whether the mother met her burden of proving that a modification of the custodial arrangement was warranted. Id. The father did not challenge the legal authority of the trial court to designate the parties as co-domiciliary parents. After finding no manifest error in the trial court’s determination that the mother met her burden of proof, this Court concluded that there was no abuse of the trial court’s discretion in modifying the parties’ custodial | ^arrangement to designate the parties as co-domiciliary parents. Distefano, 2014-1318 at p. 12-13, *354 — So.3d at -. Again, without expressly ruling on the issue of trial court’s authority to designate the parties as eo-do-miciliary parents (as that portion of the judgment had not been appealed), and based on the facts of that “particular case,” this Court interpreted “the designation by the court of co-domiciliary parents” as “a designation that each party [would] have the primary decision-making authority when the children [were] in that parent’s physical custody.” Distefano, 2014-1318 at p. 13 n. 4, — So.3d at-n. 4. In accord Centanni, 2013-1851 at p. 1.
Looking at the language of the statute itself, we note that La. R.S. 9:335(B)(1) provides that in “a decree of joint custody[,] the court shall designate a domiciliary parent[,] except where there is an implementation order to the contrary or for other good cause shown.” Louisiana Revised Statutes 9:335(B)(2) defines the domiciliary parent as “the parent with whom the child shall primarily reside.” The prefix “co” means “with,” “together,” “joint” or “jointly.” Webster’s Ninth New Collegiate Dictionary, 252 (1991). Thus, co-domiciliary parents would essentially be parents with whom the child primarily resides on a joint basis. Therefore, when parents share equal physical custody, the designation of both parents as co-domiciliary parents is logical, as the child will primarily reside with each parent on a joint basis.
We further note that La. R.S. 9:335(B)(3) provides that the domiciliary parent has the authority to make all decisions affecting the child unless an implementation order provides otherwise. Thus, co-domiciliary parents would have the “authority to make decisions affecting the child” when the child is “primarily resid[ing]” with that parent. See La. R.S. 9:335(B)(2) and (3). Stated differently, co-domiciliary parents have the primary decision-making authority Rwhen the child is in that parent’s physical custody. Distefano, 2014-1318 at p. 13 n. 4, — So.3d at — n. 4.
Although it is reasonable for a co-domiciliary parent to have primary decision making authority when the child is in that parent’s physical custody, particularly with regard to daily or emergency decisions that may arise while in that parents’ physical custody, insofar as ongoing, recurring, and/or other major decisions are concerned (such as decisions regarding the health, education, and welfare of the child), then co-domiciliary parents must ultimately agree with each other in order for a decision to be made. We recognize, however, that given the nature of the parties’ relationship, an agreement between the parties on major decisions affecting the child might not always be feasible, particularly when the issues regarding custody or designation of the domiciliary parent have been litigated in the trial court. But, when La. R.S. 9:3.35(B)(3) (expressly allowing an implementation order to provide for decision making authority other than by the domiciliary parent) is read in conjunction with La. R.S. 9:335(A)(3) (providing that the court shall issue a joint custody implementation order allocating the legal authority and responsibility of the parents), it appears that any conflict between co-domiciliary parents as to major decisions affecting the child would be controlled by the court’s implementation order specifically allocating the authority and responsibility of the parents for that particular decision (ie., the health, education, and welfare of the child).
Therefore, after thoroughly reviewing La. R.S. 9:335 and the applicable jurisprudence, including the jurisprudence of this court, and considering the well-established legal precept that the best interest of the child is always the paramount *355 consideration in all custody proceedings, we conclude that when the trial court allocates equal physical custody of a child to the parties, the designation of the parties as co-domiciliary parents is a matter within the trial court’s discretion and 110authority under La. R.S. 9:335, provided that such a designation is in the best interest of the child. However, in designating the parties as co-domiciliary parents, we find that the trial court must also issue a joint custody implementation order in compliance with La. R.S. 9:335 (or there must be “good cause shown” not to issue a joint custody implementation order). See La. R.S. 9:335(A); Stewart, 86 So.3d at 152-153 and 155; St. Philip, 108 So.3d at 279 n. 3. Accordingly, in this case, we find no legal error in the trial court’s decision to designate the parties herein as co-domiciliary parents.[4]
With regard to the trial court’s ultimate factual determination that it was in the best interest of the child to designate the parties as co-domiciliary, the trial court, in its reasons for judgment, noted that the parties’ minor child was two years old and that despite both parties’ previous drug problems, they both cared for and loved the child very deeply and had worked out a physical custodial arrangement that had been working. After a thorough review of the brief record herein, including the testimony of the parties at trial, we cannot say that the trial court’s underlying factual findings were manifestly erroneous or that the trial court abused its discretion in designating the parties as co-domiciliary parents. Accordingly, the trial court judgment designating the parties as co-domiciliary parents is affirmed.
However, in reviewing the record, we find that the joint custody arrangement ordered by the trial court herein does not conform to the statutory | ^requirements of a joint custody implementation plan and the record does not reveal that good cause was shown for there not to be a joint custody implementation order. See La. R.S. 9:335(A). Although the trial court’s judgment allocates the parties’ physical custodial time and provides that the physical custody of the child is to be shared equally, see La. R.S. 9:335(A)(2)(a) and (b), neither the judgment nor the trial court’s reasons for judgment allocates the “legal authority and responsibility” of the parents with regard to the health, education, and welfare of the child under La. R.S. 9:335(A)(3). Therefore, there is no valid joint custody implementation order in this matter. See Haddox v. Haddox, 2008-2425, p. 4 (La.App. 1st Cir.8/24/09), 2009 WL 2589706 (unpublished). Accordingly, we remand this matter to the trial court for the entry of a joint custody implemen *356 tation order allocating the legal authority and responsibility of the parents. See Haddox, 2008-2425 at p. 6; La. R.S. 9:335(A) and (B).
CONCLUSION
For all of the above and foregoing reasons, the August 18, 2014 judgment of the trial court is affirmed, and this matter is remanded to the trial court for the entry of a joint custody implementation order allocating the legal authority and responsibility of the parents with regard to the health, education, and welfare of the child.
All costs of this appeal are assessed equally to the plaintiff/appellee, Justin Hodges, and the defendant/appellant. Amy Hodges.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. Louisiana Civil Code article 134 directs that in determining the best interest of the child, courts should consider all relevant factors, which may include:
*351 (1) The love, affection, and other emotional ties between each party and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home of homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.

. On appeal, Amy does not challenge either the trial court’s award of joint custody to the parties or its allocation of equal physical custody to the parties.

. We recognize that Remson has been superseded by statute on other grounds, as recognized in Stephens v. Stephens, 2002-0402 (La. App. 1st Cir.6/21/02), 822 So.2d 770, 775-777.

. We note that in reviewing the Centanni and Distefano opinions of this court, it is not apparent whether the trial courts in those cases, when designating the parties as co-domiciliary parents, also issued a valid joint custody implementation order in compliance with La. R.S. 9:335 or whether there was good cause not to issue an implementation order. Furthermore, since the authority of the trial court to designate the parties as co-domiciliary parents was not at issue, an express and full discussion the ramifications and compliance with the statutory requirements of such designation was not necessary for this Court's disposition of the appealed issues.
However, in this appeal, because the trial court’s legal authority to designate the parties as co-domiciliary parents is clearly before us and is fully and specifically addressed herein, we expressly hold that if the trial court, in the exercise of its discretion, designates the parties as co-domiciliary parents, it must comply with La. R.S. 9:335(A) and either issue a joint custody implementation plan allocating the legal authority and responsibility of the parties with regard to the child or find good cause not to issue a joint custody implementation order.