NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-235

**LINDA PERKINS**

**VERSUS**

**EDWIN L. JOHNSON, ET AL.**

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2010-024
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Phyllis M. Keaty, Van H. Kyzar, and David E. Chatelain,[*] Judges.

**MOTION TO DISMISS APPEAL DENIED.**
**MOTION TO DESIGNATE THE ENTIRE RECORD GRANTED.**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Lawrence J. Centola, III**
**Jason Z. Landry**
**Martzell, Bickford & Centola**
**338 Lafayette Street**
**New Orleans, Louisiana  70130**
**(504) 581-9065**
**Counsel for Plaintiff/Appellant:**
         **Linda Perkins**

**Benjamin J. Brown**
**Cristin Fitzgerald**
**Ben Brown Law Group, L.L.C.**
**630 North Carrollton Avenue**
**New Orleans, Louisiana  70119**
**(504) 564-7677**
**Counsel for Plaintiff/Appellant:**
           **Linda Perkins**

**W. Evan Plauché**
**James H. Johnson**
**Hailey, McNamara, Hall,**
**Larmann & Papalle, L.L.P.**
**One Galleria Boulevard, Suite 1400**
**Metairie, Louisiana  70011-8288**
**(504) 836-6500**
**Counsel for Defendants/Appellees:**
        **Arch Insurance Company**
        **Edwin L. Johnson**
        **Rapides Fire District No. 10**

**KEATY, Judge.**

The Appellees, Arch Insurance Company, Rapides Fire District No. 10, and Edwin L. Johnson, move to dismiss the appeal of the Appellant, Linda Perkins, or in the alternative, move to designate the entire record. For the reasons given herein, we deny the motion to dismiss the appeal and grant the motion to designate the entire record.

The instant appeal arises from a vehicular accident that occurred on February 12, 2009, when a fire truck driven by Johnson backed into a pickup truck driven by Perkins. As a result of the accident, Perkins allegedly sustained injuries to her shoulder and back. Following a trial on the merits, the trial court found Johnson solely at fault in causing the accident but held that Perkins failed to prove that the accident caused the alleged injuries to her shoulder and back. On August 6, 2016, the trial court signed a judgment awarding Perkins the total sum of $19,949.48, representing $15,000.00 in general damages for the minor injuries she sustained in the accident and $4,949.48 in medical expenses.

Perkins filed a motion for devolutive appeal on September 9, 2016, which was granted on September 16, 2016. Perkins also filed a motion to designate the record on September 9, 2016, which was granted by the trial court on October 6, 2016. In response, the Appellees filed a reply to the motion to designate the record on September 22, 2016, wherein they moved to designate a host of exhibits allegedly omitted by Perkins.

The Appellees state that they did not receive any correspondence or filing from the trial court or Perkins until they received a copy of a November 4, 2016 letter from the Clerk of Court to Perkins. In the letter, the Clerk explained to Perkins that the trial depositions of Drs. Stanley Foster and Gerald Ballanco were

not part of the record when the costs for the appeal were calculated. As such, Perkins was requested to pay an additional $1,075.00 in appeal costs. The letter further indicated that if Perkins continued to refuse to pay the additional costs, the original order to designate the appeal record would need to be amended to exclude the two depositions from the record. The Clerk also informed Perkins through the letter that her October 28, 2016 filing of a Motion to Strike Records Designation Items I & J was received without the advance payment of $100.00. Finally, the letter from the Clerk revealed that as of November 4, 2016, payment had not been received for processing the motion, resulting in the motion not being forwarded to the trial court.

The Appellees maintain that more than four months had passed from receipt of this letter when on March 9, 2017, a Notice of Lodging and Briefing Order was received. While reviewing the lodged record, the Appellees noticed that a significant amount of evidence admitted at trial was omitted from the record. The Appellees contend that this evidence was relied upon by the trial court in rendering its decision. The Appellees also discovered from the record that Perkins had filed a Motion to Strike Records Designations Items I & J on February 17, 2017, which the trial court granted ex parte on March 1, 2017. The Appellees contend that they have no record of service of this motion.

The Appellees argue that the appeal should be dismissed due to Perkins' failure to adhere to the requirements of La.Code Civ.P. art. 2129. Article 2129 requires that "[w]here the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points." Perkins failed to file such statement, and without the statement or the designation

2

of the entire record, the Appellees contend that they are severely prejudiced in defending the appeal. The Appellees maintain that the omitted records are essential to the appeal in light of the trial court's finding that Perkins' testimony repeatedly conflicted with the medical records.

In support of dismissing this appeal, the Appellees refer to *Bonner v. Goldberg*, 11-768 (La.App. 4 Cir. 11/2/11), 76 So.3d 1284, wherein after more than two months of appealing the judgment, the appellant moved to designate only a portion of the record. The court found that the appellant's designation of the record was too late because an appellant must designate the record within three days, exclusive of holidays, after taking the appeal. La.Code Civ.P. art. 2128. The court also found that the appellant's record designation was deficient because she did not include a statement of the points upon which she intended to rely as required by La.Code Civ.P. art. 2129. The court dismissed the appeal without prejudice and gave the appellant twenty days from the finality of the judgment to pay the estimated costs of the appeal.

In lieu of dismissing the appeal, the Appellees herein urge this court to order the entire record to be lodged at Perkins' cost, citing this court's decision in *Hamilton v. Progressive Security Insurance Co.*, 10-1005 (La.App. 3 Cir. 10/6/10), 49 So.3d 513. In *Hamilton*, the appellant designated portions of the record without including a statement of the points upon which he would rely. The appellee filed a motion to compel a concise statement, and/or transcript of the record, and alternatively, a motion to dismiss the appeal based on the appellant's failure to comply with La.Code Civ.P. art. 2129. This court ordered the appellant to file a concise statement of points for the purpose of limiting the appeal to those points but denied the request for a full transcript of the record as the appellee alleged no

3

prejudice resulting from the appellant's failure to file a concise statement in conjunction with its limited designation of the record. Lastly, the appeal was not dismissed because the motion to dismiss was filed untimely. Pursuant to La.Code Civ.P. art. 2161, a motion to dismiss an appeal due to "any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."

In the instant case, Perkins' motion to designate the record was filed on the same day she took her appeal; thus, we find that the designation was timely filed. Perkins' designation, however, did not include the entire record and omitted exhibits that the Appellees allege are pertinent to their defense of the appeal and to this court's review of the case. Further, Perkins did not file a concise statement of the points upon which she intended to rely. As such we find that Perkins failed to comply with the requirements of La.Code Civ.P. art. 2129. In light of the prejudice alleged by the Appellees, we order a transcription of the entire record and assess the cost of same to Perkins.

Additionally, we note that the Appellees' motion to dismiss the appeal was filed on April 5, 2017, almost a month after the appellate record was lodged in this court on March 9, 2017. Accordingly, we find that the motion was filed untimely, and we deny the motion.

**MOTION TO DISMISS APPEAL DENIED.**
**MOTION TO DESIGNATE THE ENTIRE RECORD GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

4