LUTHER E. HALL, Judge pro tern.
This matter comes before us on two motions to dismiss the appeals herein taken by Gulf States Land & Industries, Inc., and by Reserve Telephone Co., Inc. One of the motions to dismiss is on behalf of Harris Intertype Corporation (Successor to The Cottrell Company) and the other is on behalf of Commercial Credit Corporation, two of the appellees herein.
Since the two motions are identical except for their wording we shall discuss them together.
Both motions urge as ground for dismissal of the two appeals a non-compliance with Article 2129 of the Louisiana Code of Civil Procedure (LSA-C.C.P. art. 2129) by each of the aforesaid appellants in that each of the said appellants failed to serve with its designation of the portions of the record to constitute the record on appeal a “statement of the points on which he intends to rely” as required by that article.
The Article 2129 reads as follows:
“An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.”
Movants’ sole contention is that where the appellant makes a designation of only portions of the record, the language of the Article makes the timely service of a statement of points a mandatory condition to the perfection of the appeal. There is no suggestion by movants that there is any deficiency in the record as filed in this Court which would be prejudicial to their rights in any manner.
The sole question presented here is whether there is anything in the Article 2129 which requires us to dismiss the contested appeals.
The Article is a new provision of our procedural law and we are unaware of any interpretation thereof by any of our appellate courts. Its source is found in Rule 75(d) of the Federal Rules of Civil Procedure (28 U.S.C.A. Rule 75(d)) which reads as follows:
“No assignment of errors is necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal.”
*927 Our Louisiana Article and its Federal Source Article are practically identical. Each uses mandatory language — the former uses the words “must serve”, the latter the words “shall serve”. We see no substantial difference in the thought conveyed by the wording.
As an aid to our decision we have reviewed the Federal texts and jurisprudence concerning Rule 75(d).
Barron and Holtzoff in their Federal Practice and Procedure, Rules Edition in discussing Rule 75(d) say:
“Section 1581 * * * The rule should be liberally construed so as to promote justice and relieve against undue hardship, and it should be flexible rather than rigid * * *.
“Section 1585 — Statement of Points. Assignments of error have been abolished * * * Instead of an assignment of errors, an appellant who has not designated the complete record and all the proceedings and evidence must file a concise statement of the points on which he intends to rely on appeal. The purpose of this requirement is to enable the appellee to determine what additional portions of the record he shall specify * * *.
“If there is complete failure to comply with Rule 75(d) in that no statement of points is filed the validity of the appeal is not affected. The Court of Appeals has a broad discretion in this matter. It may dismiss the appeal or it may exercise its discretion by refusing to dismiss especially where there has been no prejudice.” (Emphasis supplied.)
Moore’s Federal Practice, Second Edition, Volume 2, Section 75.09 (p. 3641) states concisely:
“* * * a failure to file a statement of points may not be ground for dismissal of the appeal where it appears that the appellee has not been prejudiced by such failure.”
Both Barron and Holtzoff and Moore cite numerous authorities in substantiation of their statements. See especially: Atlantic Greyhound Lines Inc. v. Keesee, 72 App.D.C. 45, 111 F.2d 657; Pence v. United States, 7 Cir., 121 F.2d 804; Adams v. New York C. & St. L. R. Co., 7 Cir., 121 F.2d 808; Keeley v. Mutual Life Ins. Co. of New York., 7 Cir., 113 F.2d 633; Bressler v. Bressler, 105 U.S.App.D.C. 306, 266 F.2d 904; Ashton v. Town of Deerfield Beach, 9 Cir., 155 F.2d 40.
It seems to be well settled that what effect is to be given to a failure to comply with Rule 75(d) lies within the sound discretion of the appellate courts. The Courts may or may not dismiss the appeal for such failure. However, there seems to be an unanimity of opinion that an appeal will not be dismissed where the appellant’s failure is not prejudicial to the appellee’s rights. We have found no cases where appeals were dismissed on the ground of failure to comply with Rule 75(d), unconnected with violations of other sections of the Rules or unconnected with violations of local Court rules removing judicial discretion in the matter.
Nothing in the Louisiana Article 2129 dictates the dismissal of an appeal for failure to comply herewith, and since no prejudice or surprise to movants is claimed by them, or shown by the record, the motions to dismiss filed by Harris Intertype Corporation and by Commercial Credit Corporation are each denied.
Motions to dismiss denied.