MOTION TO COMPEL TRANSCRIPTION OF THE RECORD
GUIDRY, Judge.
The defendant-appellee, Virgle E. Miller, moves to compel transcription of the entire record in the above captioned case. The motion is unopposed.
Plaintiff-appellant, Louella Cain Miller, motioned for and was granted an order for a devolutive appeal on August 5, 1980 from a judgment of the district court of June 2, 1980. Subsequently, plaintiff-appellant instructed and court reporter to only transcribe the testimony of one witness. The defendant-appellee has answered the appeal and now moves in this court for an order compelling the testimony of all the witnesses to be transcribed and placed into the record.
The appellee contends that the appellant has not served him or filed into the record a concise statement of the points in which he intends to rely as required by LSA-C.C.P. Art. 2129, therefore the appellant has not complied with the provisions of the Code of Civil Procedure governing the taking of a limited appeal and the record should include a transcript of all the testimony taken at trial.
LSA-C.C.P. Articles 2128 and 2129 govern form and content of the record on appeal and the procedure for taking a limited appeal:
Art. 2128. Same; determination of content
The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this *535 designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.
Art. 2129. Assignment of errors unnecessary; exception
An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.
The second sentence of Article 2128 requires an appellant desiring to take a limited appeal to file with the trial court a written designation of which portions of the record he desires to constitute the record on appeal. Article 2129 requires that a concise statement of the points on which the appellant will rely to be served with his designation of a limited appeal.
In the instant case, the appellant did not file a written designation as required by LSA-C.C.P. Art. 2128 nor did he file a statement of the points on which he intends to rely as required by LSA-C.C.P. Art. 2129. The only indication that the appellant wished to take a limited appeal is a handwritten note to the court reporter requesting that only the testimony of one witness be transcribed, which note was never formally filed into the record. No designation or concise statement was ever served on the appellee as required by LSA-C.C.P. Articles 2128 and 2129.
We conclude that due to the appellant’s failure to comply with the provisions of the Code of Civil Procedure governing the taking of a limited appeal, no limited appeal was taken. Therefore, under LSA-C.C.P. Art. 2128 the record on appeal “shall be a transcript of all the proceedings as well as all documents filed in the trial court”.
LSA-C.C.P. Art. 2128 provides “a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record”. See Fontenot v. Garland, 352 So.2d 251 (La.App. 3rd Cir. 1977), writ denied, 353 So.2d 1339 (La. 1979). The effect to be given to an appellant’s failure to comply with the procedure for taking a limited appeal lies within the sound discretion of the Court of Appeal. Weber v. Press of H. N. Cornay, Inc., 135 So.2d 925 (La.App. 4th Cir. 1962). This court has the authority under LSA-C.C.P. Art. 2132[1] to order that material omissions in the record be corrected. See Succession of Videau, 228 So.2d 352 (La.App. 4th Cir. 1969); Favrot v. Favrot, 252 La. 462, 210 So.2d 316 (1968).
For the above and foregoing reasons, the defendant-appellee’s motion to compel transcription of the record is granted. The Clerk of Court for the Fifteenth Judicial District Court for the Parish of Lafayette is hereby ordered to complete the record in this case by including therein all of the proceedings as well as all documents filed in the trial court and forward same to the Court of Appeal, Third Circuit, within 60 days from the receipt of this judgment, to be made part of the record on appeal.
MOTION GRANTED.

. Art. 2132. Same; correction
A record on appeal which is incorrect or contains misstatements, irregularities or infor-malities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.