MOTION TO COMPEL SUPPLEMENTATION OF THE RECORD OR, ALTERNATIVELY, MOTION TO DISMISS APPEAL
YELVERTON, Judge.
Defendants-appellees, G & A LTD. I; Chiles-Alexander Offshore, Inc.; Griffin-Alexander Drilling Company; G & A Contract Services, Inc.; and Aban/Loyd/Chiles Offshore, Ltd.; move to compel the transcription of the entire trial record or, alternatively, move to dismiss the appeal filed by plaintiffs-appellants, Mr. and Mrs. Bobby R. Martin.
Following a jury trial on the merits, the trial court signed a judgment in accordance with the jury’s verdict on July 16, 1990. Appellants filed a Motion to Modify Judgment with Respect to Pre-Judgment (SIC) Interest Deemed a Motion for New Trial Pursuant to LA.C.C.P. Art. 1971 Relative to Prejudgment Interest Only. Appellees Chiles-Alexander Offshore, Inc.; Griffin-Alexander Drilling Company; and Aban/Loyd/Chiles Offshore, Ltd.; filed a Motion for Judgment Notwithstanding the Verdict, or, in the Alternative for a New Trial, or, in the Further Alternative for Remittur (SIC).
The aformentioned motions were heard by the trial court on August 13, 1990. On August 22, 1990, the trial court signed a new judgment which denied appellants’ mo *612 tion and denied appellees’ motions except to reduce the dollar amounts of recovery awarded appellants by the jury. In response appellants filed a Motion for Appeal which prayed for an appeal from the trial court’s judgment of August 22, 1990. The Notice of Appeal, however, indicated that appellants obtained an order of appeal on October 4, 1990, granting an appeal from the judgments of July 12,1990, and August 22, 1990.
On October 26, 1990, appellants filed a Designation of Record on Appeal; however, appellants did not file a statement of the points on which they intended to rely as required by La.Code Civ.Proc. art. 2129. Subsequently, appellants filed a Supplemental and Redesignation of Record on Appeal which modified the earlier designation of the record. A final request to supplement the record was made by appellants in a pleading entitled Notice of Supplemental Record on Appeal.
Appellees have answered the appeal in this matter. Additionally, appellees have moved that this court order the transcribing of the entire record in this suit due to appellants’ failure to comply with the provisions of La.C.C.P. art. 2129. Alternatively, appellees have moved to dismiss appellants’ appeal.
As accurately pointed out by appellants, La.Code Civ.Proc. art. 2128 allows the appellant to designate a portion of the record for transcribing with the following provisions:
The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.
However, the above article must be read in light of La.C.C.P. art. 2129 which states:
An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.
Appellants argue that “a concise statement of the points” was provided by the mechanism of their Motion for Appeal since this motion only referenced the judgment notwithstanding the verdict rendered on August 22, 1990. This argument is without merit. An appeal may only be taken by obtaining an order from the court which rendered the judgment appealed; further, this order is to be granted on a motion by the party seeking the appeal. La.Code Civ. Proc. art. 2121. Thus, even though an order for appeal must be granted in every appeal, La.C.C.P. art. 2129 requires a “concise statement of the points on which (the appealing party) intends to rely” where the party has designated the transcribing of but a portion of the record. Appellants having admitted their failure to specify the points on which they intend to rely, the only remaining issue is what is the result of such failure.
In Miller v. Miller, 405 So.2d 534 (La.App. 3rd Cir.1981), the appellant attempted to limit the appeal by giving the court reporter a handwritten note requesting the transcribing of one witness’s testimony. The note was not filed into the record; thus, no written designation of the record and no statement of the points on which the appellant intended to rely was filed in the record. Upon the motion of appellee, this court ordered the transcribing of the entire record since the court concluded that *613 appellant had failed to take a limited appeal.
Appellants argue herein that Miller is inapplicable to the facts of the instant case. Appellants herein point out that the appellant in Miller filed no designation of the record and attempted to have only one witness’s testimony transcribed for the appellate record, unlike the instant case. However, as in Miller appellants in the suit sub judice have failed to comply fully with the provisions for taking a limited appeal. Thus, as stated in Miller:
LSA-C.C.P. Art. 2128 provides “a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record”. See Fontenot v. Garland, 352 So.2d 251 (La.App. 3rd Cir.1977), writ denied, 353 So.2d 1339 (La.1979). The effect to be given to an appellant’s failure to comply with the procedure for taking a limited appeal lies within the sound discretion of the Court of Appeal. Weber v. Press of H. N. Cornay, Inc., 135 So.2d 925 (La.App. 4th Cir.1962). This court has the authority under LSA-C.C.P. Art. 2132[1] to order that material omissions in the record be corrected. See Succession of Videau, 228 So.2d 352 (La.App. 4th Cir.1969); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968).
405 So.2d at 535.
This court finds that a dismissal of the instant appeal is unwarranted. However, for the above detailed reasons, we find that appellees’ motion to compel the transcribing of the entire record should be granted. Accordingly, we hereby order the Clerk of Court for the Fifteenth Judicial District Court for the Parish of Lafayette to complete the record in this case by including all proceedings and documents filed in the trial court and to forward this completed record to the Court of Appeal, Third Circuit, within sixty (60) days from the receipt of this judgment to be made part of the record on appeal. The estimated costs for the preparation of this completed record is to be paid by appellants in accordance with the provisions of La.Code Civ.Proc. art. 2126. Costs of this motion are assessed to appellants.
MOTION GRANTED.

. Art. 2132. Same; correction
A record on appeal which is incorrect or contains misstatements, irregularities or infor-malities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.