# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1005

RONNIE HAMILTON D/B/A HAMILTON TRUCKING
VERSUS
PROGRESSIVE SECURITY INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE NO. 35,184
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Billy H. Ezell, Judges.

**MOTION TO COMPEL CONCISE STATEMENT GRANTED.
APPELLANT IS ORDERED TO FILE STATEMENT
BY OCTOBER 21, 2010.
MOTION TO COMPEL TRANSCRIPTION DENIED.
MOTION TO DISMISS APPEAL DENIED.**

John Sturgeon
Sturgeon & Boyd
Post Office Drawer 1463
Ferriday, Louisiana 71334
COUNSEL FOR PLAINTIFF/APPELLANT:
    Ronnie Hamilton d/b/a Hamilton Trucking

F. Williams Sartor, Jr.
Allison M. Jarrell
Nelson, Zentner, Sartor & Snellings, L.L.C.
Post Office Box 14420
Monroe, Louisiana 71207-4420
(318) 388-4454
COUNSEL FOR DEFENDANT/APPELLEE:
    Progressive Security Insurance Company

**David A. Hughes**
**Hughes & LaFleur**
**Post Office Box 1831**
**Alexandria, Louisiana 71309-1831**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Rose M. Allen**
  **State Farm Mutual Automobile Insurance Company**

DECUIR, Judge.

The Defendant-Appellee, Progressive Security Insurance Company, moves to compel the Plaintiff-Appellant, Ronnie Hamilton d/b/a Hamilton Trucking, to comply with La.Code Civ.P. art. 2129 by providing a concise statement of the points on which he intends to rely in relation to his designation of the appeal record and moves to compel the transcription of the entire record at Appellant's cost, or both. In the alternative, Appellee moves to dismiss the appeal. For the reasons assigned, we grant the motion to compel a concise statement of the points on which the Appellant intends to rely and deny the motion to compel transcription and the alternative motion to dismiss the appeal.

This appeal arose from the trial court's grant of Appellee's motion for summary judgment, dismissing the Appellant's claims against the Appellee. The appeal was granted by the trial court's order of appeal on May 12, 2010. The Appellant filed a designation of appellate record on May 20, 2010, designating ten items of evidence as the limited record for this appeal. The Appellee filed its designation of record on June 1, 2010, listing four additional items of evidence. The appeal was lodged with this court on August 19, 2010. On August 30, 2010, Appellee filed its motion to compel concise statement, and/or transcription of record, and alternatively, motion to dismiss appeal based on the Appellant's failure to comply with the procedure for designation of appeal record.

The procedures for designation of an appeal record are found in the following articles. Louisiana Code of Civil Procedure Article 2128 states:

> The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays,

1

after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.

Louisiana Code of Civil Procedure Article 2129 provides: "An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points."

In this appeal, the limited issue being reviewed is the trial court's grant of the Appellee's motion for summary judgment, dismissing the Appellant's claims against the Appellee. The Appellant designated the portions of the record that he desired to constitute the limited record. The Appellant did not include a statement of the points on which he tends to rely, as required by La.Code Civ.P. art. 2129. In turn, the Appellee also designated additional portions of the record that it considered necessary.

The Appellee contends that because the Appellant failed to serve the concise statement as required, the Appellant should be ordered to serve the concise statement of points so this appeal can be limited to those points. We agree and so order that the Appellant file his concise statement by October 21, 2010.

The Appellee also moves for the transcription of the entire record at Appellant's cost. We find that this remedy is not necessary in this instance because Appellee has not alleged that it is prejudiced by the Appellant's designation without the concise statement. We note that because the issue is limited in this appeal and the

2

Appellee filed its own designation of the record in an effort to include any additional evidence that it felt was necessary, that transcription of the entire record is unwarranted. "The effect to be given to an appellant's failure to comply with the procedure for taking a limited appeal is within the sound discretion of the Court of Appeal." *Martin v. G & A Ltd.*, 583 So.2d 611, 613 (La.App. 3 Cir. 1991), *citing Weber v. Press of H. N. Cornay, Inc.*, 135 So.2d 925 (La. App. 4 Cir. 1962).

Furthermore, to the extent that Appellee seeks to have this court dismiss the instant appeal, we hereby deny the motion to dismiss as untimely filed. Louisiana Code of Civil Procedure Article 2161 states that a motion to dismiss an appeal because of "any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellant court, whichever is later." The instant appeal record was lodged on August 19, 2010. While the date that the estimated costs were paid is not in the record, a letter from the trial court's clerk's office that is in the record indicates that this record was due in the court of appeal on August 16, 2010. Thus, we find that the Appellee's motion to compel was untimely filed on August 30, 2010. Therefore, the alternative motion to dismiss the instant appeal is denied.

**MOTION TO COMPEL CONCISE STATEMENT GRANTED. APPELLANT IS ORDERED TO FILE STATEMENT BY OCTOBER 21, 2010.**
**MOTION TO COMPEL TRANSCRIPTION DENIED.**
**MOTION TO DISMISS APPEAL DENIED.**