STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JMC-18-451

STATE OF LOUISIANA IN THE INTEREST OF E.A.D.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC 2015985, DIVISION I
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Van H. Kyzar, Judges.

MOTION TO SUPPLEMENT GRANTED.

**Christine Mire**
**Mire Law Firm**
**2480 Youngsville Highway, Suite C**
**Youngsville, Louisiana 70592**
**(337) 573-7254**
**Counsel for Appellants/Applicants:**
**T.D. and S.D. (maternal grandparents)**

**Diane E. Cote**
**Mary Baudoin, CWS III**
**Department of Children and Family Services (DCFS)**
**825 Kaliste Saloom Road**
**Brandywine III, Suite 150**
**Lafayette, Louisiana 70508**
**(337) 262-5913**
**Counsel and Case Worker for Appellee/Respondent:**
**State of Louisiana, DCFS**

**William T. Babin**
**405 West Convent Street**
**Lafayette, Louisiana 70501**
**(337) 232-7747**
**Counsel for Appellees:**
**R.M. and K.M. (foster parents)**

**Jami D. Pellerin**
**Tamiko Chatman**
**Acadiana Legal Services**
**1020 Surrey Street**
**Lafayette, Louisiana 70501**
**(337) 237-4320**
**Counsel for Appellee:**
**E.A.D. (minor child)**

**Nicole Guidry**
**15th Judicial District Public Defender's Office**
**100 South Louisiana Street, Suite 500**
**Abbeville, Louisiana 70510**
**(337) 740-8885**
**Counsel for Appellee:**
**J.D. (biological mother)**

**Tracy D. McGraw, Assistant District Attorney**
**15th Judicial District Attorney's Office**
**Post Office Box 3306**
**Lafayette, Louisiana 70502**
**(337) 232-5170**
**Counsel for Appellee:**
**State of Louisiana**

**CASA Coordinator**
**CASA of Acadiana**
**1819 West Pinhook, Suite 103**
**Lafayette, Louisiana 70508**

**CONERY, Judge.**

Appellants, T.D. and S.D., are the maternal grandparents of the minor child, E.A.D.[1] This matter was previously before this court on a writ application in docket number 18-233, *State of Louisiana in the Interest of E.A.D.* Appellants sought review of the trial court's February 7, 2018 ruling, which ordered that it was in the best interest of this child to allow the adoption by the foster parents, R.M. and K.M., to proceed.[2] On May 16, 2018, this court denied the writ application, finding that T.D. and S.D. had an adequate remedy by appeal. *See State of Louisiana in the Interest of E.A.D.*, 18-233 (La.App. 3 Cir. 5/16/18) (unpublished writ decision). Because the appeal delays had expired, this court considered the timely filed notice of intent to seek writs as a timely filed motion and order for appeal. *See Armstrong v. Stein*, 94-97 (La. 3/18/94), 634 So.2d 845.

Following the issuance of this court's writ denial, T.D. and S.D. filed a request for the trial court to set a reasonable return date. The trial court set June 30, 2018, as the return date. The State of Louisiana, through the Department of Children and Family Services (DCFS), filed a motion that opposed the lodging of the entire record of the proceedings. The trial court signed an order on June 7, 2018, stating "that the record to be lodged regarding the appeal to the Third Circuit Court of Appeal is limited to the record of the hearing of January 8, 2018, including the written reasons for judgment and the judgment." T.D. and S.D.

---

[1] The initials of the minor child are used to preserve confidentiality of juvenile records. *See* La.Ch.Code art. 412. *See also* Uniform Rules—Courts of Appeal, Rules 5–1 and 5–2. For the same reason, the mother, the maternal grandparents, and the foster parents are also referred to by their initials.

[2] On August 15, 2017, T.D. and S.D. petitioned to intervene in the adoption proceedings filed on behalf of R.M. and K.M. in docket number 2017-0041-B in the Fifteenth Judicial District Court, Parish of Lafayette. T.D. and S.D. also filed their own petition to adopt E.A.D.

assert that this ruling was based on the trial court's interpretation of this court's statement in its writ decision that "the trial court's written judgment dismissing Relators' petition for adoption was signed on December 21, 2017, and notice issued that same date. That judgment was not appealed and is not the subject of the instant proceedings." *State of Louisiana in the Interest of E.A.D.*, 18-233 (La.App. 3 Cir. 5/16/18) (unpublished writ decision).

Following the trial court's June 7, 2018 ruling, and before the trial court record was lodged, T.D. and S.D. filed a motion in this court to supplement the appellate record, which was assigned docket number 18-451. While that motion was pending, the designated trial court record, marked "Designation," was received by this court and assigned docket number 18-465. It contained no pleadings before January 8, 2018. In their motion to supplement the record, T.D. and S.D. have listed fifteen hearings from December 15, 2015, through January 8, 2018. T.D. and S.D. assert that they are appealing rulings other than the February 7, 2018 judgment and that the record should include all pleadings, notices, returns, and transcripts. T.D. and S.D. argue that they were not provided notice or a reasonable opportunity to be heard before those rulings were issued. Accordingly, they ask that the appeal record be supplemented to include: all pleadings filed in this matter; all subpoenas, notices, and returns on service; and transcripts of all hearings.

DCFS opposes the motion to supplement and asserts that the adoption proceedings are separate from the child in need of care proceedings. However, we note that the trial court issued a ruling that the juvenile court has continuing

jurisdiction over these proceedings and ordered that the adoption proceedings be transferred to Division I, docket number JC 2015985.[3]

DCFS states that the trial court's designation of the record by the granting of its motion follows the applicable rules of civil procedure and that the appellants, T.D. and S.D., are not entitled to have the record supplemented. DCFS also argues that the motions filed by T.D. and S.D. are premature because the record had not been lodged at the time the motion to supplement was filed. DCFS's proposition that Appellants cannot supplement the record is antithetical to law and jurisprudence.

"[T]he appellant is responsible for the record on appeal." *Daigle v. LaPoint*, 14-410, p. 5 (La.App. 3 Cir. 11/5/14), 150 So.3d 599, 603. This court has found that "[t]o the extent the [designated] record is inadequate for the type of review requested by the [appellants]," appellate courts "'can apply the presumption that the trial court's judgment is correct and affirm.'" *Id.* at 602-603 (quoting *Grantt Guillort Enterprises, Inc. v. Quebedeaux*, 12-931, p. 7 (La.App. 3 Cir. 2/6/13), 110 So.3d 182, 188. "[T]he appellant has a duty to provide the portions which are *in fact* necessary." *Colvin v. Colvin*, 97-749, p. 3 (La.App. 3 Cir. 12/10/97), 704 So.2d 353, 355 (emphasis in original).

---

[3] T.D. and S.D.'s petition to adopt E.A.D. as well as their separate petition to intervene in adoption proceedings initiated by E.A.D.'s foster parents, R.M. and K.M., were initially assigned to Division B at docket number 2017-0041. The minute entry from docket number 2017-0041-B, states "that the juvenile court has continuing jurisdiction over these proceedings" and ordered that the adoption proceedings be transferred to docket number 2015-0985-I, which is the docket number of the proceedings concerning E.A.D., including the child in need of care proceedings.

Designation of the record is addressed in La.Code Civ.P. arts. 2128 and 2132, and Uniform Rules—Courts of Appeal, Rule 2–1.17. Louisiana Code of Civil Procedure Article 2128 provides (emphasis added):

> The form and content of the record on appeal shall be in accordance with the rules of the appellate court,[4] except as provided in the constitution and as provided in Article 2128.1. However, . . . **the appellant may designate** in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. . . . [T]he other party . . . may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. . . . [A] party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. **When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.**

Louisiana Code of Civil Procedure Article 2132 states that:

> A record on appeal . . . which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

When the appellant designates the record, an appellee is provided an opportunity to designate additional portions of the record that it deems necessary for review. *See Hamilton v. Progressive Sec. Ins. Co.*, 10-1005 (La.App. 3 Cir. 10/6/10), 49 So.3d 513. *See also Hooper v. Hero Lands Co.*, 15-929 (La.App. 4 Cir. 3/30/16), 216 So.3d 956, *writ denied*, 16-971 (La. 9/16/16), 26 So.3d 205 (trial court did not err in ordering production of the entire record to the court of appeal when appellant designated only a portion of the record, but appellee designated the entire record; the court found that "[w]ithout the entire record, it would be extremely difficult to unravel the facts and several complex issues in this case, a

---

[4] Uniform Rules—Courts of Appeal, Rule 2–1.17 states that "the parties may designate, in writing, portions of the record to constitute the record in a Court of Appeal."

4

difficulty compounded by the appellants' apparent inability to present straightforward and consistent arguments." *Id*. at 980.) *See* La.Code Civ.P. art. 2128. *See also Hamilton*, 49 So.3d 513.

DCFS was successful in having the record designated to its liking and T.D. and S.D. should be allowed an opportunity to designate those portions of the record they deem necessary for review. *See Carter v. Barber Bros. Contracting Co., Inc.*, 623 So.2d 8, (La.App. 1 Cir.), *writ denied*, 629 So.2d 1180 (La.1993). Appellants do not seek to supplement the record with any evidence or testimony that is outside the record, and DCFS has not demonstrated to this court that they will be prejudiced by the supplementation of the record. *See Carter*, 623 So.2d 10. Considering "the inadequacy of the record is imputable to the appellant," this court finds that although DCFS, as the appellee, designated the record first, it would be unjust to disallow the appellants, T.D. and S.D., an opportunity to also designate the portions of the they deem necessary.

For these reasons, Appellants' motion to supplement the record is granted. The Clerk of the Fifteenth Judicial District Court, Parish of Lafayette, is ordered to prepare and transmit to this Court by August 1, 2018, a supplemental record, in duplicate, containing the "transcript of all the proceedings as well as all documents filed in the trial court," including but not limited to all pleadings, subpoenas, notices, returns of service, evidence, and transcripts of all hearings in *State in the Interest of E.A.D.*, bearing docket number JC 2015985, Division I, which were filed or occurred before January 8, 2018. *See* La.Code Civ.P. art. 2128. Costs for this supplemental record are assessed to Appellants, T.D. and S.D.

**MOTION TO SUPPLEMENT GRANTED.**