NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-280

ANN COFFEY BEAN

VERSUS

JONATHAN S. BEAN, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2017-3718-A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and Van H. Kyzar, Judges.

MOTION TO SUPPLEMENT GRANTED.
MOTION TO SUSPEND BRIEFING DEADLINES GRANTED.

Steven G. Durio
Randy M. Guidry
Lauren N. Maurer
Durio, McGoffin, Stagg & Ackerman
220 Heymann Blvd.
Lafayette, Louisiana 70503
(337) 233-0300
Counsel for Plaintiff/Appellant:
    Ann Coffey Bean

**James H. Gibson**
**Charles M. Kreamer, Sr.**
**Gibson Law Partners, LLC**
**2448-A Johnston Street**
**Lafayette, Louisiana  70503**
**(337) 761-6025**
**Counsel for Appellees:**
 **Theo B. Bean, IV, Patrick A. Bean, Independent Co-Administrators of**
 **the Succession of Theo B. Bean, Jr.**

**Michael D. Herbert**
**Seth T. Mansfield**
**Becker and Hebert, LLC**
**201 Rue Beauregard**
**Lafayette, Louisiana  70508**
**(337) 233-1987**
**Counsel for  Defendants/Appellees:**
 **Theo B. Bean, IV, and Patrick Bean, Individually, and Theo B. Bean, IV,**
 **and Patrick Bean, Independent Co-Administrators of the Succession of**
 **Theo B. Bean, Jr.**

**Cliff Lacour**
**Neuner Pate**
**1001 West Pinhook Road, Suite 200**
**Lafayette, Louisiana  70503**
**(337) 237-7000**
**Counsel for Appellees:**
 **Theo B. Bean, Jr. Family Trust, Jonathan S. Bean in his personal**
 **capacity and in the capacity of Trustee of the Theo B. Bean, Jr. Family**
 **Trust, and David E. "Dusty" Dought in his personal capacity and in the**
 **capacity of Trustee of the Theo B. Bean, Jr. Family Trust**

**Lester J. Zaunbrecher**
**Laura Pryor Johnson**
**Allen and Gooch**
**2000 Kaliste Saloom Road, Suite 400**
**Lafayette, Louisiana  70508**
**(337) 291-1300**
**Counsel for Appellees:**
 **Theo B. Bean, IV, Patrick A. Bean, Independent Co-Administrators of**
 **the Succession of Theo B. Bean, Jr.**

**SAUNDERS, Judge.**

Ann Coffey Bean (Ann) filed a petition for devolutive appeal, seeking review of the dismissal of her petition alleging intentional interference after the granting of an exception of no cause of action filed on behalf of Theo B. Bean, IV, and Patrick A. Bean (Bean & Bean), who are the Independent Co-Administrators of the Succession of Theo B. Bean, Jr. (Toby). The record has been lodged with this court, but Bean & Bean have filed a motion to supplement the record and a motion to suspend the briefing deadlines set by this court. Ann opposes the motion to supplement.

## FACTS AND PROCEDURAL HISTORY

Ann married Toby on February 12, 2015. Toby filed for divorce in February of 2017, but before the divorce proceedings could be concluded, Toby died. This litigation arises out of Ann's disputed claims to Toby's estate.

One of the petitions filed by Ann alleged intentional interference by the executors of Toby's succession. In response, the executors filed dilatory exceptions of prematurity and vagueness and peremptory exceptions of no cause of action, no right of action, and res judicata. The trial court heard all these exceptions and granted the exception of no cause of action, dismissing the petition for intentional interference. All other exceptions were found to be moot by the granting of the exception of no cause of action. The instant appeal followed.

When Ann received the estimated costs of appeal, she sought a reduction thereof based on her designation of only these portions of the record:

1. Her Petition for Intentional Interference filed on June 25, 2018.

2. Co-Executors' Exception of No Cause of Action filed on August 2, 2018 with any memoranda and exhibits attached thereto.

3. Her September 28, 2018 memorandum in Opposition to Co-Executors' Exceptions.

4.  Co-Executors' Reply Memorandum filed on October 2, 2018.

5.  Court transcript of the hearing held on October 8, 2018, regarding Executors' Exception of No Cause of Action.

6.  Order of the Court entered on October 24, 2018.

7.  Her Motion for Devolutive Appeal filed January 8, 2019.

8.  Order granting Devolutive Appeal on January 14, 2019.

9.  Notice of Appeal entered on January 24, 2019.

After receiving Ann's designation of the record, Bean & Bean filed a response to her application for reduction of estimated costs and their own designation of record contents.  Their designation of record contents listed:

1.  Dilatory Exceptions of Prematurity and Vagueness, Peremptory Exceptions of No Cause of Action, No Right of Action, and Res Judicata to [Ann's] Petition for Intentional Interference filed by Jonathan S. Bean, Theo B. Bean, IV, and C. Scott Akers, Jr., in their capacity as Independent Co-Executors, on August 28, 2018, with Memorandum in Support and Exhibits 1-3:

 a.  Exceptors' Exhibit 1 – Transcript of domicile trial held on numerous non-consecutive days between January 31, 2018-February 2, 2018, April 23-27, 2018, May 23, 2018, and May 30, 2018.  The transcript totals 1,417 pages.

 b.  Exceptors' Exhibit 2 – Exhibits introduced into evidence at domicile trial.  The exhibits total 3,147 pages and consist of Executors' Exhibits 1-192 and [Ann's] Exhibits AB1-AB105.

 c.  Exceptors' Exhibit 3 – Judgment on domicile signed June 13, 2018 and filed June 18, 2018.

2.  Defendants' Reply Memorandum in Support of Dilatory Exception of Prematurity, Dilatory Exception of Vagueness, Peremptory Exception of No Cause of Action, Peremptory Exception of No Right of Action, and Peremptory Exception of Res Judicata filed by Jonathan S. Bean, Theo B. Bean, IV, and C. Scott Akers, Jr., in their capacity as Independent Co-Executors, on October 2, 2018;

3.  Transcript of all proceedings on Defendants' Dilatory Exceptions of Prematurity and Vagueness, Peremptory Exceptions of  No Cause

of Action, No Right of Action, and Res Judicata to [Ann's] Petition for Intentional Interference on October 8, 2018;

4. Judgment entered by Judge John D. Trahan on October 24, 2018; and

5. November 2, 2018 Notice of Signing of Judgment.

Their designation of record contents does not appear in the record as lodged in this court. When Bean & Bean received a copy of the record lodged in this court, they became aware that the exhibits to their exceptions were not contained in the record even though the index states that the memorandum in support of their exceptions is "with Attachment." They alleged that the exhibits to their exceptions were not attached to and re-filed with the exceptions and supporting memorandum because the exhibits were voluminous and were already a part of the suit record.

Bean & Bean filed a motion to supplement the record with those exhibits, alleging that the record is incomplete without them. Bean & Bean also filed a motion to suspend the briefing deadlines set by this court due to the necessity of supplementation of the record.

Ann opposed the motion to supplement, alleging that the exhibits cannot be considered by this court since they were not considered by the trial court in its grant of the exception of no cause of action. *See* La.Code Civ.P. art. 931. Ann also asserts that the record cannot be supplemented pursuant to La.Code Civ.P. art. 2132 because none of the conditions listed in that article are present in this case. Ann asserts that the record is correct and does not contain misstatements, irregularities or informalities or omit a material part of the trial record because the exhibits sought to be added to the appellate record by Bean & Bean were inadmissible at the hearing on the exception of no cause of action.

3

Louisiana Code of Civil Procedure Article 931 provides that "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." However, the record is clear that several exceptions in addition to the exception of no cause of action were filed by Bean & Bean in one pleading and that all exceptions were considered by the trial court at one hearing. Moreover, there is a jurisprudential exception to the rule that no evidence may be introduced, "and a court may consider evidence admitted without objection to enlarge the pleadings." *Stewart v. Stewart*, 15-153, p. 11 (La.App. 3 Cir. 6/3/15), 166 So.3d 448, 455. Ann's argument based on La.Code Civ.P. art. 931 ignores these facts.

Moreover, Ann's opposition ignores the fact that La.Code Civ.P. art. 2128 provides that the appellee "may also designate in a writing filed with the trial court such other portions of the record as he considers necessary." In *State in Interest of E.A.D.*, 18-451, pp. 4-5 (La. App. 3 Cir. 7/2/18), 250 So.3d 1237, 1240, this court recently stated:

> When the appellant designates the record, an appellee is provided an opportunity to designate additional portions of the record that it deems necessary for review. *See Hamilton v. Progressive Sec. Ins. Co.*, 10-1005 (La.App. 3 Cir. 10/6/10), 49 So.3d 513. *See also Hooper v. Hero Lands Co.*, 15-929 (La.App. 4 Cir. 3/30/16), 216 So.3d 965, *writ denied*, 16-971 (La. 9/16/16), 206 So.3d 205 (trial court did not err in ordering production of the entire record to the court of appeal when appellant designated only a portion of the record, but appellee designated the entire record; the court found that "[w]ithout the entire record, it would be extremely difficult to unravel the facts and several complex issues in this case, a difficulty compounded by the appellants' apparent inability to present straightforward and consistent arguments." *Id.* at 980.) *See* La.Code Civ.P. art. 2128. *See also Hamilton*, 49 So.3d 513.

If the parties differ in their designations, "the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record." La.Code

4

Civ.P. art. 2128. In this instance, even though Ann specifies the exception of no cause of action, the designations of Ann and Bean & Bean appear to be the same because all exceptions were filed in one pleading. Even if the designations are deemed to be different, the clerk should have prepared the record as designated by Ann and Bean & Bean, meaning that the record should have included the documents attached as exhibits to the exceptions filed by Bean & Bean. Since the exhibits were not included in the record as designated by Bean & Bean, Bean & Bean are entitled to have the record supplemented under La.Code Civ.P. art. 2128.[1]

**DECREE**

For these reasons, the motion to supplement the record filed by Bean & Bean is granted. The record will hereby be supplemented with the following documents:

> 1. Dilatory Exceptions of Prematurity and Vagueness, Peremptory Exceptions of No Cause of Action, No Right of Action, and Res Judicata to [Ann's] Petition for Intentional Interference filed by Jonathan S. Bean, Theo B. Bean, IV, and C. Scott Akers, Jr., in their capacity as Independent Co-Executors, on August 28, 2018, with Memorandum in Support and Exhibits 1-3:
>
>> a. Exceptors' Exhibit 1 – Transcript of domicile trial held on numerous non-consecutive days between January 2018, and May 30, 2018. The transcript totals 1,417 31, 2018-February 2, 2018, April 23-27, 2018, May 23, pages.

---

[1] "The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, *unless otherwise designated.* La.Code Civ.P. arts 2127 and 2128." *Frank v. Frank*, 06-1223, pp. 6-7 (La.App. 3 Cir. 2/7/07), 948 So.2d 1224, 1228 (emphasis added). Memoranda with attached exhibits that are not filed in evidence are not part of the record on appeal. *Tranum v. Hebert*, 581 So.2d 1023 (La.App. 1 Cir.), *writ denied*, 584 So.2d 1169 (La.1991).

In this case, the documents were attached to the exceptions which stated that the documents were "offered, filed and introduced" in support of the exceptions. The transcript and the judgment are part of the record, and the minutes reflect that the documents listed were introduced into evidence at other hearings. The transcript of the hearing on the exceptions does not indicate that the exhibits were re-introduced into evidence separately from the statement in the exceptions. Ann does not allege and the transcript does not indicate that Ann objected to the introduction of these exhibits. Moreover, Ann and Bean & Bean specifically designated the memoranda as part of the record. Memoranda may be designated as part of the record under La.Code Civ.P. art. 2128.

b.   Exceptors' Exhibit 2 – Exhibits introduced into evidence at domicile trial.  The exhibits total 3,147 pages and consist of Executors' Exhibits 1-192 and [Ann's] Exhibits AB1-AB105.

c.   Exceptors' Exhibit 3 – Judgment on domicile signed June 13, 2018 and filed June 18, 2018.

The Clerk of the Fifteenth Judicial District Court, Parish of Lafayette, is ordered to prepare and transmit to this Court by June 7, 2019, a supplemental record, in duplicate, containing the documents listed above, as designated by Bean & Bean in the designation of contents of record filed by them in the district court. Costs for this supplemental record are assessed to Bean & Bean.

Since the motion to supplement the record is granted, the motion to suspend briefing deadlines filed by Bean & Bean is also granted.  New briefing deadlines will be issued by the Office of the Clerk of Court for the Court of Appeal, Third Circuit, once the supplemental record is lodged.

**MOTION TO SUPPLEMENT GRANTED.**
**MOTION TO SUSPEND BRIEFING DEADLINES GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.