NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 20-355

KALI WAY HOUSE

VERSUS

RICHARD HOUSE

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 96168
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty and Van H. Kyzar, Judges.

**MOTION AND ORDER TO SUPPLEMENT RECORD GRANTED.**

Jack L. Simms, Jr.
Attorney at Law
Post Office  Box 1554
Leesville, LA 71446
(337) 238-9393
COUNSEL FOR DEFENDANT/APPELLEE:
    Richard House

Bradford Hyde Felder
Veazey, Felder & Renegar
2 Flagg Place
Lafayette, LA 70508
(337) 234-5350
COUNSEL FOR PLAINTIFF/APPELLANT:
    Kali Way House

**SAUNDERS, Judge.**

On August 19, 2020, Appellee/Defendant, Richard House, filed a Motion and Order to Supplement Record. Appellee seeks to supplement the record with the transcript and exhibits from the September 30, 2019 hearing on Appellee's Petition for Ex Parte Order of Temporary Custody, in addition to the transcript of the trial court's ruling. Appellant/Plaintiff, Kali Way House, opposes Appellee's motion. For the reasons discussed herein, we grant the motion.

Appellant and Appellee were divorced by judgment rendered December 6, 2018. Prior to their divorce, the parties entered a stipulated judgment naming Appellant as domiciliary parent. Appellant filed a Rule for Contempt of Court and Modification of Custody on April 3, 2019. On May 7, 2019, Appellee filed a Petition and Rule for Modification of Custody. Then, on September 4, 2019, Appellee filed a First Amended Petition and Rule for Modification of Custody and Petition for Ex Parte Order of Temporary Custody. Following a hearing held on September 30, 2019, Appellee was granted temporary custody. A trial on permanent custody was held on December 9, 2019, after which the trial court modified the joint custody of the parties by designating Appellee as the domiciliary parent. The trial court also modified the custodial periods. Appellant is now before this court on appeal, seeking review of the trial court's December 9, 2019 ruling.

At issue herein is Appellee's Motion and Order to Supplement Record which is opposed by Appellant. In his motion, Appellee asserts that the appeal record sent to this court included everything from the original Petition for Divorce, except for the transcript and exhibits of the hearing on the ex parte custody issue heard on September 30, 2019, and a transcript of the trial court's ruling. Appellee explains that if there is a de novo review of these proceedings, the September 30, 2019 transcript is essential because it contains information and testimony, some of which has and has

not been discussed in Appellant's brief, but which Appellee urges needs to be discussed by him on appeal and be available for review by this Court.

In opposition, Appellant states that the September 20, 2019 transcript and exhibits with which Appellee seeks to supplement the record were not introduced into evidence at trial on December 9, 2019, and thus, are not part of the record. As such, Appellant argues that the evidence cannot be considered by this court in its review of the December 9, 2019 trial court proceeding.

Appellant asserts that pursuant to Uniform Rules—Courts of Appeal, Rule 2-1.7, "No record of another case (or prior record in the same titled and numbered case) shall be included in the record, unless such other record has been introduced in evidence (at trial) in the case on appeal or on writs, in which event such other record shall accompany the record as an exhibit." Additionally, in *City of Eunice v. CLM Equip. Co. Inc.*, 505 So.2d 976 (La.App. 3 Cir. 1987), this court held that although it considered allowing the plaintiff to supplement the record, such remedial action was "only proper when it has been shown that the item of evidence was actually introduced at trial. *Jackson v. Wal Mart Properties, Inc.,* 443 So.2d 3 (La.App. 3rd Cir.1983)."

We note, first, that Appellant did not designate any portions of the record on appeal. Louisiana Code of Civil Procedure Article 2128 provides (emphasis added):

> The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution and as provided in Article 2128.1. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. ***When no designation is***

*made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.*

Additionally, according to La.Code Civ.P. art. 2132:

> A record on appeal . . . which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

In the instant case, we find that Appellee does not seek to supplement the record with evidence or testimony that is outside the record. Accordingly, considering Articles 2128 and 2132, Appellee's motion and order to supplement the record is granted. *See State in Interests of E.A.D.*, 18-451 (La. 7/2/18), 250 So.3d 1237. The Clerk of the Thirtieth Judicial District Court, Parish of Vernon, is ordered to prepare and transmit to this Court by [thirty days], a supplemental record, in duplicate, containing "the transcript and exhibits of the Hearing on the Ex Parte custody issue, heard on September 30, 2019, together with all transcripts of the Trial Court's ruling thereon." Costs for this supplemental record are assessed to Appellant.

**MOTION AND ORDER TO SUPPLEMENT RECORD GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.