NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-172

SHOP RITE, INC., ET AL.

VERSUS

SHAWNE GIELEN GARDINER

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 201910957
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Van H. Kyzar and Charles G. Fitzgerald, Judges.

MOTION TO DISMISS APPEAL DENIED.

**Christopher Leonard Zaunbrecher**
**Briney Foret Corry**
**Post Office Box 51367**
**Lafayette, LA 70527-1367**
**(337) 237-4070**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Tobacco Plus, Inc.**
    **Shop Rite, Inc.**
    **Acadia Wholesale & Tobacco,Co., Inc.**

**Lauren Noel Maurer**
**Durio, McGoffin, Stagg & Ackermann**
**Post Office Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Shawne Gielen Gardiner**

**SAUNDERS, Judge.**

On March 16, 2021, Appellees-Plaintiffs and Defendants in Reconvention, Shop Rite, Inc., Tobacco Plus, Inc., and Acadia Wholesale & Tobacco Co., Inc., filed a Motion to Dismiss Appeal. For the reasons discussed herein, we deny the motion to dismiss.

The instant case arises from a Petition for Declaratory Judgment filed by Appellees on October 22, 2019, seeking a judicial declaration of the fair value and terms for the purchase of shares owned by Appellant-Defendant and Plaintiff in Reconvention, Shawne Gielen Gardiner, on the date of Appellant's withdrawal as a shareholder in all three corporations under La.R.S. 12:1-1435. Appellant filed an Answer and Reconventional Demand, seeking a judicial determination of the fair value and terms for the purchase of the naked ownership interest in the shares she had inherited through a testamentary legacy from her father (Legacy Shares).

On July 2, 2020, Appellees subsequently filed a Peremptory Exception of No Right of Action, excepting to Appellant's reconventional demand to the extent Appellant asked the trial court to determine the fair value and terms for purchase for share described in paragraph 3 of the reconventional demand. Following a hearing on the exception held on July 14, 2020, the trial court entered a partial judgment, dismissing the Appellant's reconventional demand. A written judgment was signed on September 3, 2020.

Appellant moved for a devolutive appeal which was granted on November 17, 2020. Appellant then filed a Designation of Partial Record on Appeal on November 19, 2020. The procedures for designation of an appeal record are found in the following articles. Louisiana Code of Civil Procedure Article 2128 states:

> The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the

record on appeal. Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.

Louisiana Code of Civil Procedure Article 2129 provides: "An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points."

Appellees assert that Appellant failed to file a statement of the points on which she intends to rely as required by Article 2129. Appellees argue that they have been prejudiced by Appellant's failure to comply with Article 2129 because they were prevented from ascertaining which portions of the record or whether the entire record should be designated as the record on appeal. As such, Appellees pray that the appeal be dismissed, or in the alternative, Appellant be ordered to file in the trial court a concise statement of the points on which she intends to rely and that Appellees be afforded an opportunity to supplement the appeal record if needed.

In opposition, Appellant argues that the judgment on appeal granting Appellees' exception of no right of action addressed a single issue—whether Appellant had a right of action to seek judicial determination of the fair value and terms for purchase of the naked ownership interest in the shares she inherited from her father. Appellant maintains that she intends to rely on one point of error—the trial court erred in ruling that she does not have the right of action for shares in which she previously had an interest as a testamentary legatee of naked ownership. Appellant urges that Appellees have always known that only a single issue was addressed in the judgment on appeal, whether classified as a statement of points or assignment of

2

errors. In fact, Appellant asserts that a separate appeal has been taken from the judgment which addresses all other issues and that a separate docket number will be assigned once the appeal record is lodged.

Next, Appellant states that she has prepared and attached to her opposition to the motion to dismiss a concise statement of point, or assignment of error, which reflects the singular point on appeal. Appellant contends that service of same upon Appellees moots the basis of the instant motion to dismiss. In Appellant's concise statement of point, she indicates that she "intends to rely on the point that the trial court erred in ruling that Mrs. Gardiner does not have the right of action against the defendant in reconvention to seek a judicial determination of the fair value and terms for purchase for shares in which Gardiner previously had an interest as a testamentary legatee of naked ownership."

Further, Appellant argues that the jurisprudence does not support the dismissal of the appeal. See *Hamilton v. Progressive Sec. Ins. Co.*, 10-1005 (La.App. 3 Cir. 10/6/10), 49 So.3d 513 (appellant ordered to serve a statement of points); *Martin v. G & A Ltd.*, 583 So.2d 611 (La.App. 3 Cir. 1991) (appellee's motion to compel transcription of entire record was granted); *Perkins v. Johnson*, 17-235 (La.App. 3 Cir. 5/17/17), ___ So.3d ___ (appellee's motion to designate the entire record granted); *Miller v. Miller*, 405 So.2d 534 (La.App. 3 Cir. 1981) (motion to compel transcription of the record granted).

Regarding Appellee's allegation of prejudice, Appellant argues that "[t]his pretense should be transparent," considering that after the ruling on the exception, no portion of the record makes reference to the Legacy Shares, the claim for which has already been dismissed. Moreover, Appellant points out, her motion for devolutive appeal stated that she sought an appeal from the September 3, 2020 judgment concerning a single issue. The trial court identified the single issue in its written Reasons for Ruling as follows: "This court finds Ms. Gardiner does not have the right

3

of action against the defendant in reconvention to seek a judicial determination of the fair value and terms for purchase for shares in which Gardiner previously had an interest as a testamentary legatee of naked ownership. The Peremptory Exception is sustained."

"The effect to be given to an appellant's failure to comply with the procedure for taking a limited appeal is within the sound discretion of the Court of Appeal. *Martin v. G & A Ltd.,* 583 So.2d 611, 613 (La.App. 3 Cir.1991), *citing Weber v. Press of H.N. Cornay, Inc.,* 135 So.2d 925 (La.App. 4 Cir.1962)." *Hamilton*, 49 So.3d at 515. Considering that a concise statement of the point on which Appellant intends to rely has been served on Appellees, we find the motion to dismiss the appeal for failing to comply with Article 2129 to be rendered moot. Accordingly, we deny the motion to dismiss. Appellees are allowed the opportunity to supplement the record on appeal as deemed necessary.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.